Day, J.
 

 The dominant question presented for our determination is whether an escrow deed, which was wrongfully delivered and recorded before performance of the conditions of the escrow, is a valid deed of conveyance as to third persons who innocently renew or extend credit to the grantee on the strength of and in reliance upon his record ownership of the property therein described.
 

 A third person, extending credit to a record owner of real estate in reliance upon the latter’s record title thereto, and without any notice or knowledge of any defect in the conveyance, occupies the position of an innocent purchaser for value, and if such third person reduces his claim to judgment during the former’s record ownership of the property he acquires a valid judgment lien thereon.
 

 Where an owner of real estate executes a deed of
 
 *491
 
 conveyance, complete and absolute in form, and deposits same with a person of his own choice for delivery to grantee upon the death of the grantor, such deposit will be deemed to have been made at the grantor’s own risk, as to innocent purchasers for value without notice and as to subsequent judgment creditors of grantee who have extended credit in reliance upon the latter’s record title to the property, if such deed is thereafter wrongfully recorded, and conveyance will be deemed valid and absolute. For wrongful delivery, grantor’s remedy is against his escrow agent and against the grantee. As between the grantor and a subsequent innocent judgment creditor of grantee, the latter has the superior equity. This is especially so where such deed is wrongfully recorded by reason of culpable negligence of grantor and agents to whom custody of the deed was entrusted. We are satisfied from the testimony in the record that plaintiff in error, Abigail Micklethwait, exercised no reasonable precautions to prevent the deed from falling into the wrong hands. Though Doctor O. E. Micklethwait is said to have been designated as the escrow agent, or depositary, the grantor nevertheless at no time so informed him, and from the date of the execution of the deed to the date of the disappearance of Leon G. Marshall the two had not discussed the execution, custody, delivery or recording of the deed. To permit grantor, under such circumstances, to relieve herself of the consequences of her own negligence at the expense of defendant in error, who was an innocent judgment creditor of grantee, would be the height of injustice.
 

 “It is a general and just rule, that when a loss has happened which must fall on one of two innocent persons, it shall be borne by him who is the occasion of
 
 *492
 
 the loss, even -without any positive fault committed by him, but more especially if there has been any carelessness on his part which caused or contributed to the misfortune.”
 
 Somes
 
 v.
 
 Brewer, 2
 
 Pick. (19 Mass.), 184, 202, 13 Am. Dec., 406, 418.
 

 Conditions of escrow are, in their nature, private communications between grantor and escrow agent and are not matters of public record. To hold an innocent subsequent judgment creditor of grantee, or an innocent purchaser for value, bound by such instructions, of which he has neither notice nor knowledge, would give legal sanction to fraud and unfair dealings.
 

 The record of the deed in the instant case imports every appearance of. validity. It purports to be a conveyance
 
 in praesenti.
 
 Nothing appears anywhere in the deed to indicate a contrary intention. The words of conveyance are in the present tense. The warranty clause of the deed contains a provision for the assumption of taxes by the grantee, due at the time of its execution and thereafter. Innocent third parties dealing with the record owner of such property have a right to be guided by the terms and provisions of the recorded deed. For they have a right to presume “that the records of the county are not intended to mislead but to speak the truth; that the acts and declarations of the grantor are such as they purport to be.” 4 Thompson on Real Property, 1039, Section 3954.
 

 Violation of confidences reposed by grantors in their escrow agents are not things usually manifested in the records of deeds. Those who deal with the property and extend credit to the apparent owner thereof on the faith of record ownership, without knowledge or notice of any defects in the conveyance, are by law protected.
 

 
 *493
 
 Holding as we do, the judgment of the Court of Appeals is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias and Zimmerman, JJ.,- concur.
 

 Jones, J., not participating.