UNIVERSITY ASSOCIATES, APPELLEE, *v.* STERLING FINANCE CO., APPELLANT.

(No. C-73239—Decided September 10, 1973.)

*Messrs. Meckstroth, Haney & Schwierling* and *Mr. Joseph F. Weinle* of counsel, for appellee.
*Mr. Lee B. Kasson, Jr.,* for appellant.

PALMER, J. This appeal arises from an action brought by the plaintiff-appellee in the Court of Common Pleas of Hamilton County, Ohio, to quiet title to certain real property located in that county as against an adverse interest asserted by defendant-appellant, Sterling Finance Company, hereafter referred to as Sterling, predicated upon a money judgment secured by Sterling against plaintiff-appellee's predecessor in title. The trial court, considering the matter on an agreed statement of facts, found in favor of the plaintiff-appellee and entered a decree ordering title and possession of the property quieted as against Sterling, which argues here that such order was contrary to law and to the manifest weight of the evidence.

The facts material to this appeal may be summarized as follows:

1. On January 15, 1971, Sterling obtained a money judgment against John and Inez Burrell, the then owners of the real property in question. Sterling did not attempt to levy execution against this property, nor did it then seek to file a certificate of such judgment with the office of the Clerk of the Court of Common Pleas pursuant to R. C. 2329.02 et seq.

2. On February 4, 1972, John and Inez Burrell conveyed the property in question by deed of that date to Judith A. Lewis, who paid the full purchase price therefor pursuant to mortgage financing. Lewis took immediate possession of the property, but the deed was left with the financial institution for later recording.

3. On February 7, 1972, Sterling filed with the Clerk of Courts, Hamilton County, Ohio, a certificate of judgment setting forth the money judgment secured against the Burrells on January 15, 1971.

4. Thereafter, on February 8, 1972, the deed from the Burrells to Lewis was presented to the auditor of Hamilton County for transfer, which was duly accomplished on

February 9, 1972, on which date it was also lodged with and recorded by the recorder of Hamilton County.

5. On October 5, 1973, Lewis conveyed the property in question to plaintiff-appellee, said deed being duly recorded.

Sterling argued in the trial court and urges here that its money judgment against the Burrells, which it caused to be certified in accordance with R. C. 2329.02 et seq. *after* the actual delivery of the deed to and the taking of possession by Lewis, but *before* the recordation thereof, is a valid lien against the real property now owned and possessed by Lewis' successor. This appeal tests the correctness of that position.

The general rule applicable to the problem has been stated as follows:

"Accordingly, the interest of a person to whom a judgment debtor has conveyed real estate before the attachment of the judgment or execution lien is preferred to the interest of the judgment creditor, *unless such priority is affected by the provisions of recording statutes, or statutes relating to fraudulent conveyances, or the conveyance is void for other reasons, or the grantee is estopped from asserting his claim as against the judgment creditors.*" (Emphasis added.) 32 Ohio Jurisprudence 2d 178, Judgments, Section 458.

This statement of the rule appears entirely consistent with the decisions by the Supreme Court in *Dow* v. *Union National Bank,* 87 Ohio St. 173; *Miller* v. *Albright,* 60 Ohio St. 48, and *Roads* v. *Symmes,* 1 Ohio 281. See also *State Fidelity Federal S & L Assoc.* v. *Wehrly,* 54 Ohio Op. 2d 314, 263 N. E. 2d 801. We take it, therefore, that the fact that Sterling occupied the status of a judgment creditor of the Burrells prior to the execution and delivery of the deed to Lewis does not itself suffice to charge the property in the hands of Lewis with Sterling's claim, unless one or more of the above enumerated factors varying the general rule may be found to be here present. However, an examination of the record before this court reveals nothing from which to conclude the existence of any element of fraudulent

conveyance from the Burrells to Lewis, nor to justify an estoppel of Lewis or her successor to deny Sterling's claim, nor to conclude that the conveyance is, for any reason, void.

Sterling, indeed, does not assert any of the foregoing factors which might be held to qualify or condition the general rule preferring the interest of the vendee over the judgment creditor, but argues the controlling effect of the "recording statutes," urging that its priority is favorably affected by virtue of its compliance with the certification procedure of R. C. 2329.02 et seq. before the deed to Lewis was recorded, and that by bringing itself within this procedure, it became a "subsequent bona fida purchaser for value" within the meaning of R. C. 5301.25(A), which provides that:

"All deeds * * * shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed * * *." While this position appears at first blush to receive some support in cases cited by Sterling, an analysis of those cases demonstrates that they will not bear the burden sought to be placed upon them by appellant, and are readily distinguishable from the instant cause.

Thus, in *Sternberger and Williard* v. *Ragland,* 57 Ohio St. 148, the judgment creditor was the *purchaser* at a judicial sale of the property in question, and was held by virtue thereof to be a bona fide purchaser without notice of an unrecorded deed made by the judgment debtor, and entitled to the protection of the statute. *Micklethwait* v. *Fulton,* 129 Ohio St. 488, involved the claim of a judgment creditor not against the grantor but against the *grantee* and her husband, of a deed which the grantee's husband had recorded in apparent violation of an escrow agreement to hold the deed until the grantor's death. Under these circumstances, the court held that when the grantor executes a deed absolute in form and delivers it to an escrow of her own choosing, such deposit is at the grantor's own

risk, and the grantor will be estopped to deny the validity of the deed as to subsequent judgment creditors of the grantee who extend credit in reliance upon the latter's record title to the property. The case has nothing to do with R. C. 5301.-25(A), and is inapposite to the issues here presented. In *Boerner* v. *Hullinger*, 94 Ohio App. 51, the judgment creditor was held to have no lien on property where the judgment debtor conveyed the property by deed which was recorded after the judgment was secured but before any levy of execution and is, therefore, authority for the general proposition stated at the outset of this decision. Indeed, the court stated (p. 62):

"The holding is in conformity with the general rule in this state that a judgment creditor does not stand in the position of an innocent purchaser for value, and that such creditor gets only such interest as the judgment debtor has in the property."

The court in the *Boerner* case above noted that the judgment creditor had not availed herself of her right to obtain a certificate of judgment under the predecessor of R. C. 2329.02, and was, therefore, in the position of being able to secure a lien only from the time the property was seized in execution, if that antedated the recording of the deed, which it had not.

The same Court of Appeals, a few years later, was presented with a case where the judgment creditor *had*, in fact, secured a certificate of judgment against the grantor of an unrecorded instrument prior to the recording thereof. In this decision, *Sinclair Refining Co.* v. *Chaney*, 114 Ohio App. 538, the argument that a certificate of judgment makes the judgment creditor a bona fide purchaser within the grant of protection afforded by R. C. 5301.25 (A) was made to the court, was squarely considered, and rejected. The facts of the case are set forth at length in paragraph 5 of the syllabus, demonstrating its appositeness to the instant cause, and the rule of the case is stated in paragraph 2 of the syllabus, as follows:

"2. By force of the provisions of Section 2329.02 *et seq.*, Revised Code, having to do with judgment liens, a

judgment lien is confined to that which actually belongs to the judgment debtor, and such lien is not extended to what belongs to anyone other than the judgment debtor *or to what appears of record to belong to the judgment debtor.*'' (Emphasis ours.)

As a result, the court held that the judgment liens of creditors having certificates of judgment secured after the execution and delivery of the instrument conveying a limited life lease, but prior to the recording thereof, were subordinate to such lease. Said the court, at page 547:

''The judgment creditor's rights are limited to those provided by statute and a creditor's rights as to a lien on real estate do not rise to those of a bona fide purchaser.''

We agree that this is a proper statement of the law of this state and should be followed. *Parsons* v. *Parsons*, 27 Ohio Op. 2d 120; *Hunley* v. *Blackington*, Hamilton County Common Pleas Court No. A-165725, October 6, 1958.

Inasmuch as, therefore, the judgment of the trial court quieting title to the premises as against Sterling's claim is supported by the agreed statement of facts and is in accordance with law, we find appellant's assignments of error to be not well taken and accordingly overrule the same.

We might note that our decision on the foregoing question makes it unnecessary to consider and decide an additional question which was not raised by counsel but is clearly presented by the facts in this cause. Thus, even if Sterling were held to be a bona fide purchaser within the meaning of R. C. 5301.25(A), can it further be said to have had ''no knowledge of the existence of such former deed'' when the grantee, Lewis, took immediate and open possession of the premises after closing and before Sterling secured the certificate of judgment? A negative response to this question is suggested by *Butcher* v. *Kagey Lumber Co.*, 164 Ohio St. 85, as well as by *State Fidelity S & L* v. *Wehrly, supra*, and by *Sinclair Refining Co.* v. *Chaney, et al., supra*.

The judgment of the Court of Common Pleas, Hamilton County, Ohio is affirmed.

*Judgment affirmed.*

HESS, P. J., and SHANNON, J., concur.