OPINION
{¶ 1} Defendants-appellants, Paris and Joyce Fuller (hereinafter "the Fullers"), appeal the decision of the Crawford County Court of Common Pleas granting summary judgment to plaintiff-appellee, Anna McGinnis (hereinafter "McGinnis"), and ordering the foreclosure of a parcel of real estate previously deeded to the Fullers.
 {¶ 2} The chronology of the events are significant to the resolution of this appeal. On January 27, 2000, McGinnis initiated proceedings to collect money owed to her in a property settlement which resulted from her divorce from Freelin Hensley (hereinafter "Hensley").
 {¶ 3} On April 25, 2000, after McGinnis had initiated collection proceedings against Hensley but before judgment had been awarded, Hensley purportedly entered into a land installment contract with the Fullers to sell property at 2260 St. Rt. 19 in Bucyrus for $25,000. The contract required a $5,000 down payment and $500 payments to be made every month thereafter. The land contract was never recorded. In fact, the contract contained a clause which stated, "purchaser and seller agree that this contract will NOT be recorded and that the recording by the purchaser shall be a material breach and default of this agreement * * *." Emphasis in original.
 {¶ 4} On December 1, 2003, McGinnis was awarded judgment against Hensley in the amount of $23,235.86 plus interest. On March 15, 2004, McGinnis filed her certificate of judgment against Hensley with the Crawford County Clerk of Courts causing the attachment of a lien to all the real estate owned by Hensley within Crawford County. On April 19, 2004, Hensley transferred the above described property to the Fullers through a General Warranty Deed which was recorded in the Crawford County Recorder's Office.
 {¶ 5} On June 25, 2004, McGinnis initiated a foreclosure action against Hensley and the Fullers on the property which was the subject of the land installment contract, requesting that the property be sold and the proceeds paid to her for satisfaction of her judgment. The Fullers filed a timely answer to the complaint. Hensley, however, did not file an answer.
 {¶ 6} McGinnis subsequently filed a Motion for Summary Judgment, asserting that there were no genuine issues of material fact. McGinnis alleged that Hensley was the owner of record of the property in question as of the date of her certificate of judgment and, therefore, McGinnis's certificate of judgment had priority over the Fullers' deed, which was executed approximately one month after the certificate of judgment. The Fullers filed a brief in opposition to summary judgment and sought to protect their equitable interest in the property. With their brief, the Fullers submitted to the trial court a copy of the land installment contract and an affidavit stating, among other averments, that they had entered into the contract with Hensley on April 25, 2000 and that, at the time McGinnis's certificate of judgment was filed, they had paid $24,500 toward the $25,000 purchase price.
 {¶ 7} Following a hearing on the motion, the trial court found that the land contract was invalid as a matter of law and could not be accorded any legal standing. The court also found that because the contract called for forfeiture upon recording, it was fraudulent on its face. The trial court, therefore, granted McGinnis's motion for summary judgment.
 {¶ 8} It is from the grant of summary judgment that the Fullers hereby appeal and set forth one assignment of error for our review.
ASSIGNMENT OF ERROR NO. I
 The trial court erred in granting the Plaintiff's motion for summaryjudgment.
 {¶ 9} The Fullers argue herein that the trial court erred in granting summary judgment in favor of McGinnis. Specifically, they assert that the contract was valid and that their equitable interest in the property takes precedence over McGinnis's certificate of judgment. They further claim that the land installment contract is not fraudulent simply because of the clause that requires forfeiture upon recording. Rather, they argue that the failure to record only protects a subsequent bona fide purchaser and McGinnis, as a judgment creditor, was not a subsequent bona fide purchaser.
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher, 75 Ohio St.3d at 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id. For a grant of summary judgment to be proper, it must appear from the evidence that reasonable minds can come to only one conclusion, which is a conclusion adverse to the non-moving party. Civ.R. 56(C). We review the granting of a motion for summary judgment under a de novo standard. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105.
 {¶ 11} R.C. 5313.02(A) describes the minimum contents of a land installment contract. The statute lists sixteen provisions to be included in the document, such as the names and current mailing addresses of the parties; date when the contract was signed; a legal description of the property conveyed; the contract price of the property; the principal balance owed; the amount due and date of each installment payment; and a provision that the vendor shall cause a copy of the contract to be recorded. See R.C. 5313.02(A)(1)-(4), (7)-(8), and (14), respectively.
 {¶ 12} It is undisputed that the contract herein does not contain all of the provisions found in R.C. 5313.02(A). For example, the contract identifies the property by address only and fails to include a legal description of the land. Second, the balance due after the down payment of $5000 is listed as both $20,000 and $40,000. Finally, the contract contains the clause ordering forfeiture if the contract is recorded by the purchase, which is contrary to R.C. 5313.02(A)(14), requiring a land installment contract to be recorded within twenty days of execution.
 {¶ 13} While the disputed contract fails to meet the requirements of the statute, this failure does not by itself make the contract void and unenforceable. See DiYorio v. Porter (June 24, 1981), Mahoning App. No. 81CA5. Rather, in the absence of fraud, a defectively executed land conveyance is valid as between the parties. See Seabrooke v. Garcia
(1982), 7 Ohio App. 3d 167, 169.
 {¶ 14} In her brief to this court, McGinnis alleges that the formation of the land installment contract is suggestive of a fraudulent motive. In fact, McGinnis asserts that the only purpose for the provision which required forfeiture in the event of recording would be to defraud a creditor by preventing notice of the contract. However, McGinnis provides no evidence to support this allegation. Therefore, construing the available evidence most favorably for the Fullers, as we are required to do on review of summary judgment, we conclude that the land installment contract is valid as between Hensley and the Fullers and the trial court erred in concluding that it was both invalid and fraudulent.
 {¶ 15} Although the land installment contract is enforceable as between Hensley and the Fullers, the trial court's grant of summary judgment requires us to determine what interest McGinnis, as a judgment creditor, has in the property. If McGinnis's certificate of judgment has priority over the Fuller's land installment contract, the grant of summary judgment was proper. If it does not, the trial court's decision was in error.
 {¶ 16} The general rule regarding the priority of interests has been stated as follows:
[t]he interest of a person to whom a judgment debtor has conveyed realestate before the attachment of the judgment or execution lien ispreferred to the interest of the judgment creditor, unless such priorityis affected by the provisions of recording statutes, or statutes relatedto fraudulent conveyances, or the conveyance is void for other reasons * * *. University Associates v. Sterling Finance Co. (1973),37 Ohio App.2d 17.
 {¶ 17} Under R.C. 2329.02, a judgment lien is specific and, at the time it is filed, attaches to all real estate owned by the judgment debtor in the county in which it is filed. Verba v. Ohio Cas. Ins. Co.
(C.A. 6, 1988), 851 F.2d 811, 814. However, "the lien of a judgment * * * attaches only to the interest of the debtor; that is, to his real interest in the property, without respect to what his apparent interest may be, and subject to all equities, though secret or latent * * *."Miller v. Albright (1899), 60 Ohio St. 48; Butcher v. Kagey Lumber Co.
(1955), 164 Ohio St. 85, 89.
 {¶ 18} In the case sub judice, Hensley, the judgment debtor, entered into the land installment contract with the Fullers approximately four years before McGinnis filed her certificate of judgment, but he did not issue a deed to the Fullers until approximately one month after the certificate of judgment was filed. At the time the certificate of judgment was filed, the Fullers had an equitable interest in the property and Hensley's only interest in the subject real estate was the purchase price that had yet to be paid by the Fullers.
 {¶ 19} Since Hensley sold the property to the Fullers by land installment contract before McGinnis filed her certificate of judgment, the certificate of judgment attached only to Hensley's then remaining interest in the property and did not attach to the Fullers' equitable interest. Consequently, the Fullers' interest in the property at the time McGinnis filed her certificate of judgment is preferred to McGinnis's lien on the property. Thus, the Fullers have the right to enforce their equitable interest, unless their priority is otherwise affected by the provisions of recording statutes, or statutes related to fraudulent conveyances, or the conveyance is void for other reasons. See UniversityAssociates v. Sterling Finance Co. (1973), 37 Ohio App.2d 17.
 {¶ 20} With regard to the recording statutes, we do not find that the Fullers' failure to record the land installment contract has an effect on their ability to enforce their interest against McGinnis. R.C. 5301.25(A) provides in pertinent part: "All deeds, * * * and instruments of writing properly executed for conveyance or encumbrance of lands, * * * shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument." By its terms, this statute is designed to protect subsequent bona fide purchasers of property. The law is clear that judgment lien creditors are not bona fide purchasers for value. See University Hills, Inc. v. Patton (C.A.6, 1970), 427 F.2d 1094, 1100; Basil v. Vincello (1990), 50 Ohio St.3d 185, 189-190.
 {¶ 21} Noncompliance with R.C. 5301.25(A) does not, therefore, defeat the creation of an equitable interest. It merely prevents enforcement of that interest against bona fide purchasers but not against judgment creditors. Marital Trust of Casto v. Lungaro (1986), 22 Ohio St.3d 298;Sinclair Refining Co. v. Chaney (1961), 114 Ohio App. 538.
 {¶ 22} Based on our review, it appears from the evidence that McGinnis's certificate of judgment did not have priority over the Fullers' equitable interest in the real estate and that the Fullers' interest is not affected by the provisions of the recording statutes. Moreover, there is no evidence in the record that the conveyance was otherwise fraudulent or void. Therefore, we hold that the trial court's grant of summary judgment in favor of McGinnis and the subsequent order of foreclosure was in error.
 {¶ 23} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Bryant and Rogers, J.J., concur.