374

DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellee,

v.

BOSWELL et al.; Freeman, Appellant.

[Cite as *Deutsche Bank Natl. Trust Co. v. Boswell*,
192 Ohio App.3d 374, 2011-Ohio-673.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100379.

Decided Feb. 16, 2011.

Plunkett Cooney, Amelia A. Bower, and David Van Slyke, for appellee.

Michael D. Weisensel, for appellant.

---

DINKELACKER, Presiding Judge.

{¶ 1} Defendant-appellant, L'Karron Freeman, appeals the trial court's decision granting summary judgment in favor of plaintiff-appellee, Deutsche Bank National Trust Company. The court found that Freeman's judgment lien on one-half of the property owned by defendants Alter and Lynder Boswell was junior to Deutsche Bank's mortgage lien on the same property. We find some merit in Freeman's sole assignment of error. Consequently, we affirm the trial court's judgment in part and reverse it in part.

## I. Facts and Procedure

{¶ 2} On August 29, 2005, Deutsche Bank filed a complaint in which it sought to foreclose on property the Boswells owned at 840 Oak Street, in Hamilton County. Freeman was one of several parties named as defendants because of their potential interests in the property.

{¶ 3} The record shows that the following series of events had occurred in this case:

{¶ 4} On June 4, 2004, Freeman filed a complaint against Alter Boswell seeking to recover damages for personal injury.

{¶ 5} On December 10, 2004, Freeman obtained a $75,000 default judgment against Alter Boswell.

{¶ 6} On December 17, 2004, Alter Boswell signed a quitclaim deed giving his wife, Lynder Boswell, a one-half interest in the Oak Street property. He also executed a mortgage on the property to New Century Mortgage Company, Deutsche Bank's predecessor in interest.

{¶ 7} On December 29, 2004, Freeman recorded his certificate of judgment lien against Alter Boswell.

{¶ 8} On January 14, 2005, the mortgage and deed were recorded.

{¶ 9} Deutsche Bank filed a motion for summary judgment in which it contended that Freeman's lien was invalid. It also argued that Freeman's lien was junior to its mortgage under the doctrine of equitable subrogation. A magistrate originally concluded that Freeman's lien was invalid because the underlying judgment against Alter Boswell was void for lack of service. He recommended that the trial court grant Deutsche Bank's motion for summary judgment.

{¶ 10} Freeman objected to the magistrate's decision. The trial court found that the documents supporting Deutsche Bank's motion for summary judgment did not show that service was defective. It sustained Freeman's objections, rejected the magistrate's decision in its entirety, and returned the case to the magistrate for further action.

{¶ 11} Deutsche Bank again filed a motion for summary judgment against Freeman in which it argued that Freeman's underlying judgment was void for lack of service. The magistrate found that void judgments could be collaterally attacked only by a party to the judgment, and, therefore, that Deutsche Bank lacked standing to attack the underlying judgment.

{¶ 12} The magistrate also rejected Freeman's argument that Alter Boswell's transfer of a one-half interest in the property to his wife was fraudulent. He found that Freeman's lien attached only to Alter Boswell's one-half interest in the property.

{¶ 13} Finally, the magistrate found that Deutsche Bank's mortgage lien was senior to Freeman's lien under the doctrine of equitable subrogation. He recommended that the trial court grant Deutsche Bank's motion for summary judgment.

{¶ 14} Both parties objected to the magistrate's decision. The trial court overruled all the objections, adopted the magistrate's decision, and granted Deutsche Bank's motion for summary judgment. Subsequently, the court ordered a foreclosure on the property. It stated that Freeman's lien was valid but

that it was junior to Deutsche Bank's lien and attached only to Alter Boswell's one-half interest in the property. This appeal followed.

{¶ 15} In his sole assignment of error, Freeman contends that the trial court erred in determining that his lien was junior to Deutsche Bank's lien and that his lien attached only to Alter Boswell's one-half interest in the property. He argues that the doctrine of equitable subrogation did not apply and that Alter Boswell's transfer of one-half of his interest in the property was fraudulent. We agree that the trial court erred in applying the doctrine of equitable subrogation.

## II.  Equitable Subrogation

{¶ 16} Under Ohio law, a lien recorded first has priority over a lien recorded later in time.[1]  Freeman filed his certificate of judgment and created his lien on December 29, 2004.[2]  New Century recorded its mortgage and created its lien on January 14, 2005.[3]  Consequently, under the general rule, Freeman's lien would have had priority over Deutsche Bank's.

{¶ 17} An exception to the general rule of "first in time, first in right" is the doctrine of equitable subrogation.[4]  Equitable subrogation "arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid."[5]

{¶ 18} The application of equitable subrogation depends on the facts and circumstances of each case. To claim equitable subrogation, a party's equity must be strong and its case clear.[6]  A party is not entitled to equitable

---

1.  R.C. 2329.02 and 5301.23; *Basil v. Vincello* (1990), 50 Ohio St.3d 185, 191, 553 N.E.2d 602; *Morequity, Inc. v. Fifth Third Bank*, 1st Dist. No. C–080824, 2009-Ohio-2735, 2009 WL 1652908, ¶ 12; *Old Republic Natl. Title Ins. Co. v. Fifth Third Bank*, 1st Dist. No. C–070567, 2008-Ohio-2059, 2008 WL 1914297, ¶ 11.

2.  R.C. 2329.02; *Fifth Third Bank v. Mufleh*, 6th Dist. Nos. L–04–1157 and L–04–1262, 2005-Ohio-2351, 2005 WL 1125323, ¶ 22.

3.  See R.C. 5301.23.

4.  *ABN AMRO Mtge. Group v. Kangah,* 126 Ohio St.3d 425, 2010-Ohio-3779, 934 N.E.2d 924, ¶ 7; *Morequity* at ¶ 12; *Old Republic* at ¶ 12.

5.  *ABN AMRO Mtge. Group* at ¶ 8.

6.  Id. at ¶ 11; *Old Republic* at ¶ 12.

subrogation if that party is negligent in its business transactions or has failed to act according to ordinary and reasonable business practices.[7]

{¶ 19} The trial court found in this case that New Century had "exercised due diligence" when checking the property records at the time the note and mortgage were executed. Freeman had filed his complaint and had obtained his judgment long before the Boswells executed the mortgage. Yet, Deutsche Bank presented no evidence to excuse and offered no explanation for its predecessor's failure to discover the judgment, which was a public record. Thus, the trial court's finding of due diligence was not supported by competent, credible evidence, and it was, therefore, against the manifest weight of the evidence.[8]

{¶ 20} The trial court also found that four weeks was "not an unreasonable amount of time to record an executed mortgage." Again, Deutsche Bank presented no evidence to show why New Century had waited over a month to record the mortgage and note. It also presented no evidence showing that waiting a month was an ordinary and reasonable business practice. Since no competent, credible evidence existed to support that finding, it was also against the manifest weight of the evidence.

{¶ 21} Deutsche Bank bore the burden to show that it was entitled to equitable subrogation, which is the exception, not the rule. It failed to show that New Century, its predecessor, had not been negligent in its business transactions or that it had acted according to ordinary and reasonable business practices. Deutsche Bank would not have been seeking equitable subrogation but for New Century's negligence in failing to timely record its mortgage. The equities in the case did not "clearly favor" Deutsche Bank.[9]

{¶ 22} Consequently, we hold that the trial court erred in finding that the doctrine of equitable subrogation applied and that Deutsche Bank's mortgage was senior to Freeman's judgment lien. As the first lien recorded, Freeman's lien was entitled to priority over the mortgage. Deutsche Bank was not entitled to judgment as a matter of law, and the trial court erred in granting summary judgment in favor of Deutsche Bank on the issue of seniority.[10]

---

7.  *Morequity* at ¶ 13; *Old Republic* at ¶ 13.

8.  See *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 722 N.E.2d 1018; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273; *Blair v. McDonagh,* 177 Ohio App.3d 262, 2008-Ohio-3698, 894 N.E.2d 377, ¶ 56.

9.  See *ABN AMRO Mtge. Group,* 126 Ohio St.3d 425, 2010-Ohio-3779, 934 N.E.2d 924, at ¶ 13–14.

10.  See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; *Stinespring v. Natorp Garden Stores* (1998), 127 Ohio App.3d 213, 215–216, 711 N.E.2d 1104.

### III. Collateral Attack on the Underlying Judgment

**██ ██** {¶ 23} Deutsche Bank has presented an assignment of error to prevent a reversal.[11] It argues that Freeman's lien was invalid because the underlying judgment was void for lack of service. A judgment without proper service is void and may be collaterally attacked at any time.[12]

**██ ██** {¶ 24} The trial court held that void judgments could be collaterally attacked only by a party to the judgment, and, therefore, that Deutsche Bank lacked standing to attack Freeman's underlying judgment. We find no case law that stands for that proposition. To the contrary, "strangers to a judgment are permitted to [collaterally] attack the judgment based on 'fraud and want of jurisdiction.' "[13]

{¶ 25} The trial court's reasoning was based on the proposition that it could not take judicial notice of the proceedings in the prior case. We agree.[14] Deutsche Bank argues that judicial notice was not the issue. It claims that it presented evidence showing that Freeman had never obtained valid service in the underlying case. But it merely attached copies of the documents in that case to its motion for summary judgment, which did not meet the requirements of Civ.R. 56.

{¶ 26} When ruling on a motion for summary judgment, the trial court may only review evidence properly submitted under Civ.R. 56(C).[15] That rule provides that a court ruling on a motion for summary judgment may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." It refers to pleadings

---

11. See App.R. 3(C); *Holstein v. Ohio Valley Vulcanizing, Inc.*, 7th Dist. No. 06 BE 41, 2007-Ohio-3329, 2007 WL 1879970, ¶ 35; *Seringetti Constr. Co. v. Cincinnati* (1988), 51 Ohio App.3d 1, 2, 553 N.E.2d 1371.

12. *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, syllabus; *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202, ¶ 16; *Leman v. Fryman* (Jan. 18, 2002), 1st Dist. No. C–010056, 2002 WL 63508, ¶ 7.

13. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 23, quoting *Coe v. Erb* (1898), 59 Ohio St. 259, 271, 52 N.E. 640; *Black v. Aristech Chem. Co.*, 4th Dist. No. 07CA3155, 2008-Ohio-7038, 2008 WL 5456383, ¶ 15.

14. *Walker v. Hodge*, 1st Dist. No. C–080002, 2008-Ohio-6828, 2008 WL 5384310, ¶ 12; *Dombelek v. Ohio Bur. of Workers' Comp.*, 154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144, ¶ 26.

15. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 97, 647 N.E.2d 788; *Walker* at ¶ 10; *Dombelek* at ¶ 12.

and other documents filed in the case before the court, not to pleadings and documents submitted in a different case.[16]

{¶ 27} Civ.R. 56(E) provides the proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C).[17] It permits other types of evidence, such as pleadings and entries in a separate action, to be used to support or oppose a motion for summary judgment if they are properly authenticated and referred to in a properly framed affidavit.[18]

{¶ 28} In fact, the trial court rejected the magistrate's decision granting Deutsche Bank's first motion for summary judgment on the basis that service was void because Deutsche Bank had failed to present the evidentiary materials as required by Civ.R. 56(E). Yet Deutsche Bank still did not correct that problem in its second motion for summary judgment. Since Deutsche Bank failed to present the documents from the separate action with an authenticating affidavit, the trial court could not consider them. Therefore, no evidence was before the court showing that the original judgment was void for lack of service, and we overrule Deutsche Bank's assignment of error.

### IV. Validity of the Transfer of One–Half Interest in the Property

{¶ 29} Finally, Freeman contends that his lien should be a first lien on the entire property, not just the one-half interest that Alter Boswell owned after transferring one-half of his interest to his wife. He argues that the transfer was fraudulent within the meaning of R.C. Chapter 1336. While the timing of the transfer raises some questions, Freeman failed to present evidence establishing all the elements of a fraudulent transfer.[19] Therefore, the transfer was valid.

{¶ 30} "[T]he interest of a person to whom a judgment debtor has conveyed real estate before the attachment of the judgment lien is preferred to the interest of the judgment creditor, unless such priority is affected by the provisions of recording statutes, or statutes relating to fraudulent conveyances, or the conveyance is void for other reasons."[20] R.C. 5301.25(A) provides that until a

---

16. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702; *Dombelek* at ¶ 17–19.

17. *Dombelek* at ¶ 20.

18. *Walker* at ¶ 12; *Dombelek* at ¶ 19–21.

19. See R.C. 1336.04 and 1336.05; *Lifesphere v. Sahnd,* 179 Ohio App.3d 685, 2008-Ohio-6507, 903 N.E.2d 379, ¶ 7–12; *Lesick v. MedGroup Mgt., Inc.* (Oct. 29, 1999), 1st Dist. Nos. C–990097 and C–990100, 1999 WL 979136.

20. *Basil,* 50 Ohio St.3d at 190, 553 N.E.2d 602; *McGinnis v. Hensley,* 3rd Dist. No. 3–04–29, 2005-Ohio-2507, 2005 WL 1205117, ¶ 16; *Univ. Assoc. v. Sterling Fin. Co.* (1973), 37 Ohio App.2d 17, 19, 66 O.O.2d 32, 305 N.E.2d 924.

deed is properly recorded, it is fraudulent as to a subsequent bona fide purchaser for value. But a judgment-lien creditor is not a bona fide purchaser.[21]

{¶ 31} Consequently, a judgment-lien creditor cannot reach property that the debtor has validly disposed of before the recording of the lien.[22] Because Alter Boswell only owned a one-half interest in the property when Freeman recorded his certificate of judgment, his lien attached only to Alter Boswell's one-half interest in the property.[23]

## V. Summary

{¶ 32} In sum, we hold that the trial court erred in applying the doctrine of equitable subrogation and in determining that Deutsche Bank's mortgage lien had priority over Freeman's judgment lien. We also hold that the trial court did not err in holding that Freeman's lien applied only to Alter Boswell's one-half interest in the property. Consequently, we sustain Freeman's assignment of error in part. We reverse that part of the trial court's entry of summary judgment for Deutsche Bank on the issue of lien priority and remand the case for further proceedings consistent with this decision. We affirm the trial court's judgment in all other respects.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

HENDON and FISCHER, JJ., concur.

---

21. *Basil* at 189–190; *Univ. Assoc.* at 21–22.

22. *Wagner v. Galipo* (1990), 50 Ohio St.3d 194, 553 N.E.2d 610.

23. See *McGinnis* at ¶ 17–19; *Univ. Assoc.* at 20–22; *Sinclair Refining Co. v. Chaney* (1961), 114 Ohio App. 538, 547–548, 20 O.O.2d 88, 184 N.E.2d 214.