[Cite as *U.S. Bank, N.A. v. Dowd*, 2013-Ohio-3835.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff- Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| VICKIE L. DOWD, ET AL. | : | Case No. 2013CA00071 |
| | : | |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court
                              of Common Pleas, Case No. 2012-
                              CV-02674

JUDGMENT:                     Reversed and Remanded

DATE OF JUDGMENT:             September 4, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

STEPHEN D. WILLIGER                       CRAIG T. CONLEY
RICHARD A. FRESHWATER                     604 Huntington Plaza
Thompson Hine LLP                         220 Market Avenue South
3900 Key Center                           Canton, OH 44702
127 Public Square
Cleveland, OH 44114

*Baldwin, J.*

{¶1}     Defendants-appellants Vickie L. Dowd and Thomas F. Dowd appeal from the April 11, 2013 Judgment Entry of the Stark County Court of Common Pleas denying their Motion to Vacate and Dismiss.

## STATEMENT OF THE FACTS AND CASE

{¶2}     On August 23, 2012, appellee U.S. Bank, N.A. filed a complaint in foreclosure and for reformation of mortgage against appellants Vickie and Thomas Dowd, among others. Appellants, on September 6, 2012, filed an answer.  Appellants, in their answer, set forth a number of affirmative defenses, including  the defenses of insufficiency of process and/or insufficiency of service of process and lack of personal jurisdiction over them.

{¶3}     Entries in the trial court's docket  dated September 18, 2012 show that certified mail service was returned unclaimed with respect to both appellants.  As memorialized in a Judgment Entry filed on October 4, 2012, the trial court ordered appellee to complete service on those defendants who had not yet been served. Docket entries dated October 15, 2012 show a failure of personal service for both appellants.

{¶4}     Thereafter, on October 31, 2012, appellee filed a Motion for Summary Judgment. Appellee, in its motion, alleged that appellants had been served with a copy of the summons and complaint on September 6, 2012. Appellants did not file a response to such motion.

{¶5}     Pursuant to an Entry filed on December 5, 2012, the trial court granted appellee's Motion for Summary Judgment and issued a Decree in Foreclosure and for

Reformation of Mortgage. An Order of Sale was issued to the Stark County Sheriff on December 19, 2012.

{¶6}    Subsequently, on March 13, 2013, appellants filed a Motion to Vacate and Dismiss. Appellants, in their motion, alleged that they had never been served with a copy of the summons and complaint. Appellants alleged that the trial court's December 5, 2012 Entry should be dismissed for lack of personal jurisdiction over appellants and that appellee's complaint should be dismissed without prejudice for failure of service of process within six months.   A Notice of Sheriff's Sale that was filed on March 15, 2013 stated that a Sheriff's Sale had been set for April 8, 2013.

{¶7}    Appellee, on March 26, 2013, filed an opposition to appellants' Motion to Vacate and Dismiss and appellants, on March 28, 2013, filed a reply brief.  The subject property was sold to appellee at the Sheriff's foreclosure sale on April 8, 2013.

{¶8}    As memorialized in a Judgment Entry filed on April 11, 2013, the trial court denied appellants' Motion to Vacate and Dismiss.

{¶9}    Appellants now raise the following assignment of error on appeal:

{¶10}   THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ITS DENIAL OF DEFENDANTS'/APPELLANTS' MOTION TO VACATE AND DISMISS.

I

{¶11}   Appellants, in their sole assignment of error, argue that the trial court erred in denying their Motion to Vacate and Dismiss. We agree.

{¶12}   Appellants specifically contend that the trial court erred in denying their Motion to Vacate its December 5, 2012 Entry because the trial court never had personal jurisdiction over them. Proper service of process is an essential component in the

acquisition of personal jurisdiction over a party. *Holm v. Smilowitz*, 83 Ohio App.3d 757, 615 N.E.2d 1047 (4th Dist. Athens 1992). A trial court may obtain personal jurisdiction over a defendant via: (1) service of process; (2) "voluntary appearance and submission of the defendant or his legal representative[;]" or (3) "by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984).

{¶13} As this Court held in *Thompson v. Bayer,* 5th Dist. Fairfield No. 2011–CA–00007, 2011–Ohio–5897, ¶ 16:

{¶14} "Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941 and *CompuServe, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157, 161, 631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment is not derived from Civ.R. 60(B)*,* 'but rather constitutes an inherent power possessed by Ohio courts.' *Patton,* supra paragraph four of the syllabus. To be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B). *Id.*"

{¶15} A judgment without proper service is void and may be collaterally attacked at any time. *Deutsche Bank Nat'l Trust Co. v. Boswell*, 192 Ohio App.3d 374, 2011-Ohio-673, 949 N.E.2d 96 (1st Dist).

{¶16} In the case sub judice, the docket reveals that, contrary to appellee's assertion in its Motion for Summary Judgment, appellants were never served with the

summons and complaint. The issue thus becomes whether or not appellants waived their defenses. Civ.R. 12(B) provides that the defenses of insufficiency of process, insufficiency of service of process and lack of jurisdiction over the person shall be asserted in the responsive pleading if one is required, or may be made by motion. Civ.R. 12(H)(1) further states that such defenses are waived if "neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."

{¶17} Appellants did file an answer to the complaint and, in their answer, properly raised the affirmative defenses of insufficiency of process, insufficiency of service of process and lack of personal jurisdiction. While appellants actively participated in the case by filing an answer, "a party's active participation in litigation of a case does not constitute waiver of [the defense of insufficiency of service of process]. Civ.R. 12(H)(1) does not include a party's participation in the case as a method of waiver." *Gliozzo v. University Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, paragraph 11.

{¶18} In short, we find that the trial court never obtained personal jurisdiction over appellants and that appellants did not waive the same.

{¶19} Based on the foregoing, we find that the trial court erred in failing to vacate its December 5, 2012 Judgment Entry because such entry was void.

{¶20} Appellants' sole assignment of error is, therefore, sustained.

{¶21}   Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


CRB/dr

[Cite as *U.S. Bank, N.A. v. Dowd*, 2013-Ohio-3835.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| VICKIE L. DOWD, ET AL. | : | |
| | : | |
| Defendants - Appellants | : | CASE NO. 2013CA00071 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and this matter is remanded for further proceedings. Costs assessed to appellee.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE