[Cite as *Chaffin v. Shrontz*, 2014-Ohio-1495.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KATHY S. CHAFFIN, Executrix of<br>The Estate of Allen Eugene Clawson, | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| AARON SHRONTZ [aka ARRON<br>SHRONTZ] and JULIE SHRONTZ | : | Case No. 13 CA 25 |
| | : | |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Guernsey County
Court of Common Pleas, Probate
Division, Case No. 13 PV 051748


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT:     April 7, 2014


APPEARANCES:

For Plaintiff-Appellee          For Defendants-Appellant

RICHARD A. BAKER              PAUL HERVEY
819 Steubenville Avenue        JILLIANN A. DAISHER
Cambridge, OH 43725           Fitzpatrick, Zimmerman & Rose Co.,
                              L.P.A.
                              P.O. Box 1014, 140 Fair Ave. NW
                              New Philadelphia, OH 44663

*Baldwin, J.*

{¶1}    Defendants-appellants Aaron and Julie Shrontz appeal from the March 29, 2013 and June 28, 2013 Entries of the Guernsey County Court of Common Pleas, Probate Division.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On or about December 21, 2010, Allan E. Clawson, as vendor, entered into a land installment contract with appellants Aaron and Julie Shrontz, as vendees, for the purchase of a specified parcel of land. The land installment contract stated, in relevant part, as follows: "Vendor retains all timber and mineral rights until such time that the contract is paid in full by Vendee and at that time said rights will be conveyed with property."

{¶3}    Clawson died in early 2011 and his will left his estate to appellee Kathy Chaffin, Executrix of the Estate of Allan Eugene Clawson.  On February 1, 2013, appellee filed a Petition to Alter or Cancel Land Contract pursuant to R.C. 2113.49, for Declaratory Judgment and for Other Orders against appellants. Appellee, in her petition, alleged that appellants were in default of several terms of the land installment contract and were not current on their payments under the contract. Appellee stated that she had been contacted in the past by a company offering to lease the premises for oil and gas purposes and that the proposal had been withdrawn. Appellee sought the trial court's authority to enter into a lease for oil and gas and, alternatively, sought direction on filing a forfeiture or foreclosure action against appellants.  Appellants were served with a copy of the petition, but not with the summons.

{¶4}    On March 5, 2013, appellee filed an amended petition adding a paragraph to the petition.  Appellants were served by regular mail.

{¶5}    Thereafter, on March 26, 2013, appellee filed a Motion to Default Judgment against appellants.  Pursuant to an Entry filed on March 29, 2013, the trial court granted the motion.  On April 16, 2013, appellee filed a motion asking that a final judgment be entered and that an express determination be made that there is no just reason for delay. As memorialized in a Judgment Entry filed the same day, the trial court granted such motion and found that there was no just reason for delay.

{¶6}    After realizing that appellants had not been served with a copy of the summons, appellee filed a praecipe for the service of summons on April 24, 2013. Appellee asked that "[i]f summons on Complaint/Petition filed February 1, 2013 in this case has not been issued, the Clerk is to do so in compliance with Civil Rule 4(A)." Appellee then filed a Motion for Default Judgment and for Final Order on June 12, 2013. Appellant Julie Shrontz, on June 12, 2013, filed a handwritten request for a 30 day extension of time within which to respond.  The trial court, on June 28, 2013, filed an Entry granting appellee's motion. The trial court, in its Entry, ordered that declaratory judgment be entered in favor of appellee. The trial court further ordered as follows:

{¶7}    "That she [appellee] as Executrix may contract or lease the premises for oil and gas for terms and upon conditions that are acceptable solely to her for the benefit of the Estate, retaining for the Estate any lease signing bonus for the Estate and further that any royalties accruing under such a lease whether received or not would be the property of the Estate until such time as the land contract is paid in full whereupon, and only in that event, thereafter the royalties if any would be the property of the fee

simple holders of the property, subject to the terms of any lease.  However, if the terms of the Land Contract are not met and there is a forfeiture, cancellation, or foreclosure of the Land Contract, no interest in oil and gas shall be conveyed to Vendees…

{¶8}    "6. It is further ORDERED that the Plaintiff is authorized but not required to seek judicial forfeiture of foreclose of the Land Contract…"

{¶9}    The trial court further held that "this is a Final Order pursuant to Civil Rule 54" and reserved jurisdiction "for other relief prayed for in the Petition upon further motion."

{¶10}   Appellants now raise the following assignments of error on appeal:

{¶11}   THE TRIAL COURT DID NOT HAVE JURISDICTION TO FORFEIT THE REAL ESTATE INTEREST AND ERRED AS A MATTER OF LAW.

{¶12}   THE TRIAL COURT DID NOT HAVE JURISDICTION DUE TO THE FAILURE TO PROPERLY SERVE THE APPELLANTS WITH A SUMMONS AND THE AMENDED COMPLAINT.

{¶13}   THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT-APPELLANTS' MOTION FOR ADDITIONAL TIME.

I, II

{¶14}   Defendants-appellants, in their first assignment of error, argue that the trial court did not have jurisdiction because the trial court's jurisdiction was not properly invoked under R.C. 2113.49, the statute cited in the petition, because there was no "consent" from appellants. In their second assignment of error, they argue that they were never properly served in this case and that, therefore, the trial court did not have personal jurisdiction over them.

{¶15}   Appellee filed a petition seeking relief under R.C. 2113.49. Such section states as follows: "When a person who has entered into a written contract for the sale and conveyance of an interest in real property dies before its completion, the executor or administrator of the decedent's estate, if not required to otherwise dispose of the contract, may file a complaint for the alteration or cancellation of the contract in the probate court of the county in which the executor or administrator was appointed, or in which the real property or any part of it is situated. If the decedent died intestate, the surviving spouse and heirs, and if the decedent died testate, the surviving spouse and devisees or legatees having an interest in the contract, if not the plaintiffs, shall, together with the purchaser, be made parties defendant.

{¶16}   "If, upon hearing, the court is satisfied that it is for the best interests of the estate, it may, with the consent of the purchaser, authorize the executor or administrator to agree to the alteration or cancellation of the contract, and to execute and deliver to the purchaser the instruments required to make the order of the court effective. Before making its order, the court shall cause to be secured, to and for the benefit of the estate of the deceased, its just part of the consideration of the contract. The instruments executed and delivered pursuant to the court's order shall recite the order, and be as binding on the heirs and other parties in interest, as if made by the deceased prior to death." (Emphasis added).

{¶17}   Appellants maintain that because they did not "consent", the Probate Court's jurisdiction was not properly invoked under such statute. However, because we find that the trial court never had personal jurisdiction over appellants, we do not reach such issue.

{¶18}    In their second assignment of error, appellants contend that the trial court lacked personal jurisdiction over them. As this Court held in *Thompson v. Bayer,* 5th Dist. Fairfield No.2011–CA–00007, 2011–Ohio–5897, ¶ 16:

{¶19}    "Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941 and *CompuServe, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157, 161, 631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment is not derived from Civ.R. 60(B), 'but rather constitutes an inherent power possessed by Ohio courts.' *Patton,* supra paragraph four of the syllabus. To be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B). *Id.*"

{¶20}    A judgment without proper service is void and may be collaterally attacked at any time. *Deutsche Bank Nat'l Trust Co. v. Boswell,* 192 Ohio App.3d 374, 2011–Ohio–673, 949 N.E.2d 96 (1st Dist).

{¶21}    Pursuant to Civ.R. 4(A), upon the filing of a complaint, the clerk shall issue a summons for service on the defendant. The purpose of a summons is to give notice to the defendant that claims have been filed against him and that he is required to appear and answer. *Joseph v. Lastoria,* 12th Dist. Clermont No. CA88–05–040, 1988 WL 117792,  (Oct. 31, 1988), citing *Baldine v. Klee,* 14 Ohio App.2d 181 (11th Dist.1968). Absent a waiver of service, a party must be served with the summons and complaint pursuant to the methods set forth in Civ.R. 4.1 through 4.6. *King v. Hazra,* 91 Ohio

App.3d 534, 536–37, 632 N.E.2d 1336 (9th Dist.1993). Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. *Holm v. Smilowitz,* 83 Ohio App.3d 757, 615 N.E.2d 1047 (4th Dist.1992).

{¶22} Appellants were served with the original petition, which was filed on February 1, 2013, via certified mail on February 14, 2013. However, appellee does not dispute that appellants were not served with the summons at such time. Thereafter, on March 5, 2013, appellee filed an amended petition. The amended petition added paragraph 18.1 and was mailed to appellants via regular mail.   After the amended petition was filed, appellants were served with the summons and the original petition.

{¶23} We note that an amended complaint "substitutes for or replaces the original pleading." *Steiner v. Steiner*, 85 Ohio App.3d 513, 519, 620 N.E.2d 152 (4th Dist. Scioto 1993).  Appellants were never served with a summons with the amended petition. We find, therefore, that appellants were not properly served and that the trial court did not have personal jurisdiction over appellants. The trial court, therefore, erred in granting default judgment against appellants.

{¶24} Appellants' second assignment of error is, therefore, sustained.

III

{¶25} Appellants, in their third assignment of error, argue that the trial court abused its discretion in denying their motion for additional time to respond to the amended petition.

{¶26} Based on our disposition of appellants' second assignment of error, appellants' third assignment of error is moot.

{¶27} Accordingly, the judgment of the Guernsey County Court of Common Pleas, Probate Division is reversed and this matter is remanded for further proceedings.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.