DELLY ET AL., APPELLEES, *v.* LEHTONEN ET AL., APPELLANTS.

(No. 1170—Decided December 10, 1984.)

*Robert and Carol Delly, pro se.*
*Kathleen D. West,* for appellant Matt Lehtonen.
*Talikka, Ulrich, Keorner & Ischie* and *James P. Koerner,* for appellant J.W. Betteley Building Co.

DAHLING, J. This is an appeal from a judgment of the Chardon Municipal Court, Geauga County, in which after a trial to the court, judgment was rendered in the sum of $680 and costs.

Plaintiffs-appellees contracted with the defendants-appellants for construc-

tion of a residence. The appellants hired a subcontractor to install footer drain tile around the house. The drain tile was improperly installed resulting in water damage in the appellees' basement. The record reflects that the expense incurred in correcting this problem was $680. The court, after hearing the evidence, found the appellants liable on the contract.

The assignment of error is as follows:

"I. The trial court erred in finding J.W. Betteley Building Co. liable based upon its contract with Mr. and Mrs. Delly."

The assignment of error is without merit.

The appellants contend that the court erred in finding for the appellees on the basis of "contract" principles rather than on "negligence" principles.

It is clear that the parties had a contract to build a house. It was assumed that it would be constructed in a "workmanlike" fashion. The failure of the subcontractor to properly install the drain tile was the responsibility of the appellants.

The appellees' contract was with appellants, not with the subcontractor. The appellants are liable for the poor workmanship of their subcontractor. The appellants chose the subcontractor, not the appellees.

18 Ohio Jurisprudence 3d (1980) 67, Contracts, Section 173, states:

"In general, a contract binds, and confers rights on, only the parties thereto and persons in privity with them, and accordingly no one can sue for a breach of contract unless he is a party or derives rights from an original party. The contract itself determines the legal rights and liabilities of the parties and confers the legal right of recovery."

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and FORD, J., concur.