FURNITURE SALES SPECIALISTS, INC., Appellee,

v.

THOMAS, d.b.a. Family Furniture; Thomas, d.b.a. Comfort Galleries, Appellant.

[Cite as *Furniture Sales Specialists, Inc. v. Thomas* (1993), 82 Ohio App.3d 759.]

Court of Appeals of Ohio,
Knox County.

No. 92–CA–17.

Decided Feb. 26, 1993.

*Wise & Associates Co., L.P.A.*, and *Terry G. Wise*, for appellee.

*Jerry Thomas, pro se.*

*D. Derk Demaree*, for appellant Nancy Thomas.

SMART, Presiding Judge.

This is an appeal from a default judgment of the Court of Common Pleas of Knox County, Ohio, entered in favor of plaintiff-appellee Furniture Sales Specialists, Inc. ("appellee"), and against defendant-appellant Nancy Thomas, d.b.a. Comfort Galleries ("appellant") and defendant Jerry Thomas, d.b.a. Family Furniture, who is not a party to this appeal. The judgment is for $38,300 compensatory damages and $1,500 attorney fees.

The record indicates that appellee filed its amended replevin complaint against appellant on May 28, 1992. On May 29, 1992, the clerk of court issued a summons on appellant. The summons notified appellant that the trial court had scheduled a hearing in the case for July 2, 1992. During the pendency, the trial court entered an order of possession which was executed by the sheriff on various property. On June 23, appellant moved for a hearing on possession. On July 2, appellant filed her answer, and the same day the trial court granted default judgment against her.

Appellant assigns five errors to the trial court:

## Assignment of Error No. I

"The court erred in granting a default judgment when the defendant was not in default."

## Assignment of Error No. II

"The default judgment entered is void because the summons served on defendant was defective."

## Assignment of Error No. III

"The court erred in granting default judgment without notice or hearing when defendant has appeared in case."

## Assignment of Error No. IV

"The court erred in granting default judgment without notice of hearing when defendant had appeared in case."

## Assignment of Error No. V

"The court erred in granting a default judgment without a hearing to determine balance due if any on contract after deliver of possession to plaintiff of property seized."

## Assignments of Error Nos. I and II

Civ.R. 55(A) states:

"(A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

The summons that appellant received stated in pertinent part:

"NOTICE: A hearing will be held in the Common Pleas Courtroom of the Knox County Courthouse, 111 East High Street, Mount Vernon, Ohio on the 2 day of JULY, 1992, at 9:00 o'clock AM

"If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint."

Civ.R. 4(B) states in pertinent part:

"The summons shall be signed by the clerk, contain the * * * times within which these rules or any statutory provision require the defendant to appear and defend, and shall notify him that in case of his failure to do so, judgment by default will be rendered against him for the relief demanded in the complaint. * * * "

Appellant urges that her reading of the summons indicated to her that her answer was due on July 2, and if she failed to appear at that day, or to respond by that date, then she would be in default. It is undisputed that the summons did not notify appellant that she could be found to be in default after twenty-eight days, that is, prior to the hearing on July 2. Appellant asserts that she believed from her reading of the summons that her answer was filed timely.

We find that the summons that appellant received was defective, and did not comply clearly with the rule.

The first and second assignments of error are sustained.

### Assignment of Error No. III

Appellant had appeared in the case when she filed her motion on June 23. Pursuant to Civ.R. 55(A), this entitled her to seven days' notice and a hearing before default judgment was granted against her. Appellee maintains that because appellant's motion for a hearing on the order of possession was untimely, the motion did not constitute an appearance for purposes of Civ.R. 55. We do not so read the rule.

The judgment entry was filed on July 2, entered without a hearing of record, and upon a motion filed on June 30.

In *AMCA Internatl. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282, the Supreme Court directed us to rely upon the plain language of Civ.R. 55 when considering default judgments. *Id.* at 90, 10 OBR at 419, 461 N.E.2d at 1284.

The third assignment of error is sustained.

Assignments of Error Nos. IV and V

█ The default judgment entry appears to make defendant Jerry Thomas and appellant jointly liable on the contract. The contract, which was attached to the complaint, was executed by Jerry Thomas, individually, and d.b.a. Family Furniture. The complaint against appellant alleged that Jerry Thomas may have wrongfully given appellant possession of the chattels. Appellee asserts that this gives rise to damages for her wrongful detention of its goods.

While appellee is correct that it may be entitled to damages for wrongful detention of its goods, our review of the pleadings leads us to conclude that appellee failed to plead facts sufficient to demonstrate that appellant should be jointly liable with Jerry Thomas. The trial court did not hold a hearing on damages, at which it could have determined what chattels, if any, appellant had actually wrongfully detained. The pleadings and attachments to them do not demonstrate that appellant is liable on the contract for the price agreed upon by appellee and Jerry Thomas. Nor did the trial court hear evidence on the value of the replevin goods and the setoff, if any, to which appellant is entitled.

The fourth and fifth assignments of error are sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

GWIN and WILLIAM B. HOFFMAN, JJ., concur.