JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellants Mary E. Papcke ("Papcke") and Barbara Shagawat ("Shagawat" or collectively referred to as "appellants") appeal the Parma Municipal Court's judgment against them, claiming the court never had personal jurisdiction over them. Appellants also argue that plaintiff-appellee Serge Ramirez ("Ramirez") did not have privity of contract with Shagawat and, thus, had no cause of action against her. We find merit to the appeal and reverse and remand for further proceedings.
 {¶ 2} Papcke hired Ramirez to perform carpentry work on a new home located at 12936 Huffman Road, which was unoccupied and still under construction. On November 14, 2002, Ramirez met Papcke at the construction site, and they executed a written contract whereby Papcke agreed to pay a total of $1,555.65 for labor. Pursuant to this agreement, Papcke agreed to pay Ramirez "by the job" as opposed to by the hour. Later that day, Ramirez called Papcke and requested reimbursement for materials he purchased and payment "up front" for fifty percent of his labor. Papcke was unable to meet Ramirez at the site, so Shagawat met him and gave him a check for $1,053.23.
 {¶ 3} As part of his work, Ramirez installed basement molding, using mitered joints. Papcke complained that she wanted a covered joint instead, which necessitated Ramirez redoing the basement molding. Ramirez redid the molding at Papcke's request, with additional labor and expense beyond the original contract. Other than requesting that Ramirez redo the basement molding, Papcke had no other complaints about Ramirez's work as of November 15, 2002.
 {¶ 4} However, on the morning of November 16, before Ramirez resumed work, Papcke instructed him to cease all work on the property and advised him that the check Shagawat had given him had been canceled. Papcke paid him $630 to cover the cost of materials and an amount which she considered fair compensation for the work done by Ramirez. It is undisputed that Ramirez had not completed all of the items listed in the original contract.
 {¶ 5} On December 2, 2002, Ramirez filed a complaint for breach of contract against Papcke and Shagawat in the Parma Municipal Court. The clerk's office issued service on Papcke and Shagawat by certified and regular mail. The complaint was sent to Papcke at the address on Huffman Road, the home which was under construction and unoccupied, and to Shagawat at 6331 Old Virginia Lane in Parma Heights, which was then Shagawat's home address.
 {¶ 6} The trial court's journal reflects that the attempts at certified mail service upon both Papcke and Shagawat were returned "unclaimed." However, the court's journal also reflects that regular mail service to the parties was delivered, and not returned to the court.
 {¶ 7} The case proceeded to a hearing before a magistrate on January 6, 2003. Neither Papcke nor Shagawat appeared. Ramirez presented unrefuted evidence of his claim and the court entered judgment in his favor in the amount of $1,053.23. Papcke, who had moved into the house on Huffman Road on December 18, 2002, received the magistrate's decision at that address. On January 27, 2003, Papcke, an attorney, filed objections to the magistrate's decision on behalf of herself and Shagawat, and she also requested a transcript of the January 6 hearing.
 {¶ 8} In May 2003, the judge ruled on appellants' objections to the magistrate's decision, upholding one of the three objections and scheduling a rehearing. Ramirez and Papcke were both present for the rehearing on June 17, 2003. Papcke asserted on the record that her appearance in no way constituted a waiver of her defense of lack of service on both herself and Shagawat. The court then heard additional testimony and again entered judgment in favor of Ramirez, this time in the amount of $1,191.05.
 {¶ 9} Papcke and Shagawat appeal, raising two assignments of error.
 Service {¶ 10} In their first assignment of error, Papcke and Shagawat argue the trial court erred in proceeding with a hearing and entering judgment against them without first obtaining jurisdiction over them. Papcke argues she was never properly served because the complaint was mailed to the Huffman Road address, which was the unoccupied house where Ramirez was performing the work. Papcke asserts that because she did not reside there, she could not be served at that address. She also claims she never received a copy of the complaint.
 {¶ 11} It is undisputed that the attempts to serve Papcke and Shagawat by certified mail failed because the certified mail envelopes were returned "unclaimed." It is also undisputed that the Clerk of the Parma Municipal Court simultaneously issued service of the complaint to Papcke and Shagawat by ordinary mail. As previously stated, the complaint was sent to Papcke at the Huffman Road address, the unoccupied home under construction. The complaint was sent to Shagawat at 6331 Old Virginia Lane, which was then Shagawat's home address.
 {¶ 12} A complaint is to be served at an address where there is a reasonable expectation that service will be accomplished.United Home Fed. v. Rhonehouse (1991), 76 Ohio App.3d 115, 124,601 N.E.2d 138. Civ.R. 4.6(D), which governs service by ordinary mail, provides in pertinent part:
"[T]he clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in the written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shallbe deemed complete when the fact of mailing is entered of record,provided that the ordinary mail envelope is not returned by thepostal authorities with an endorsement showing failure ofdelivery."
 {¶ 13} Id. (Emphasis added.)
 {¶ 14} A "certificate of mailing" must be a United States Postal Service confirmation of mailing. Gen. Motors AcceptanceCorp. v. Kollert (1986), 33 Ohio App.3d 274, 275,515 N.E.2d 959. Thus, service is "`deemed complete'" under Civ.R. 4.6(D) when: (1) the "certificate of mailing," time-stamped by the United States Postal Service, is entered upon the record and (2) the ordinary mail envelope is not returned to the court with an endorsement showing failure of delivery. Hayes v. Gradisher,
Summit App. No. 17791, 1996 Ohio App. LEXIS 4733, at *6.
 {¶ 15} However, even when service is in compliance with the Civil Rules and, therefore, presumed to be complete, this presumption may be rebutted by sufficient evidence that service was not accomplished. Carter v. Miles (Feb. 3, 2000), Cuyahoga App. No. 76590; Koziol v. Refe, Geauga App. No. 93-G-1769, 1993 Ohio App. LEXIS 5925; Talarek v. Miles, Lorain App. No. 96CA006567, 1997 Ohio App. Lexis 3164, citing Rafalski v. Oates
(1984), 17 Ohio App.3d 65, 66. A party's affidavit, if unchallenged, is sufficient to overcome the presumption of service. Carter, supra. The trial court's determination of whether service by ordinary mail was completed will not be disturbed absent an abuse of discretion. Talarek, supra.
 {¶ 16} In the instant case, the certificate of mailing bears the time stamp from the United States Postal Service confirming the fact of mailing, and the ordinary mail envelope was not returned to the court. Thus, Ramirez complied with Civ.R. 4.6 in his efforts to serve appellants, and the presumption of completed service attached.
 {¶ 17} However, Papcke submitted an affidavit with her objections to the magistrate's report, wherein she stated that she did not reside at the Huffman Road address at the time the complaint was mailed and that she never received a copy of the complaint. There is nothing in the record rebutting these facts. Although Ramirez could reasonably expect that service would be accomplished at the Huffman Road address, because it is undisputed that Papcke did not reside at that address and there is no evidence to refute her claim that she never received a copy of the complaint, the presumption of service by ordinary mail is rebutted. Without proper service, the court never obtained jurisdiction over Papcke.
 {¶ 18} However, because there is no evidence to rebut the presumption that Shagawat was served by ordinary mail at her home, the trial court properly found that service was perfected on her, and the court had jurisdiction over her.
 {¶ 19} Accordingly, the first assignment of error is sustained as to Papcke and overruled as to Shagawat.
 Privity of Contract {¶ 20} In their second assignment of error, appellants argue the trial court erred in entering judgment against Shagawat because there was no privity of contract between Ramirez and Shagawat. Therefore, appellants argue, Ramirez has no cause of action against Shagawat for breach of contract.
"In general, a contract binds, and confers rights on, only theparties thereto and persons in privity with them, and accordinglyno one can sue for a breach of contract unless he is a party orderives rights from an original party. The contract itselfdetermines the legal rights and liabilities of the parties andconfers the legal right of recovery."
 {¶ 21} Bischoff v. B D Woodcrafters, Inc., Montgomery App. No. 11811, 1990 Ohio App. LEXIS 2016, citing Delly v.Lehtonen (1984), 21 Ohio App.3d 90.
 {¶ 22} Where third parties are involved, the Ohio Supreme Court has explained that only intended third-party beneficiaries to a contract have enforceable rights under a contract. Hill v.Sonitrol of Southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36,521 N.E.2d 780. In determining whether a third party has enforceable rights under a contract, the Hill court explained the test is whether the promisee intended to benefit a third party. Specifically, the Hill court explained:
"* * * Under this analysis, if the promisee * * * intendsthat a third party should benefit from the contract, then thatthird party is an `intended beneficiary' who has enforceablerights under the contract. If the promisee has no intent tobenefit a third party, then any third-party beneficiary to thecontract is merely an `incidental beneficiary,' who has noenforceable rights under the contract.
 * * [T]he mere conferring of some benefit on the supposedbeneficiary by the performance of a particular promise in acontract [is] insufficient; rather, the performance of thatpromise must also satisfy a duty owed by the promisee to thebeneficiary."
 {¶ 23} Id., quoting Norfolk Western Co. v. United States
(C.A. 6, 1980), 641 F.2d 1201, 1208.
 {¶ 24} In Point East Condominium Owners' Assn. v. CedarHouse Assoc. (1995), 104 Ohio App.3d 704, this court held that in determining whether the promisee intended to benefit a third party, courts should look at the language of the contract. Id., citing Lin v. Gatehouse Constr. Co. (1993), 84 Ohio App.3d 96,102, 616 N.E.2d 519.
 {¶ 25} Further, in Brenner v. Curran-Nosker Drywall, Inc.,
Hamilton App. No. C-860447, 1987 Ohio App. LEXIS 7983, the court held that a contract did not exist between the plaintiff and third party simply because the defendant and third party were partners and joint owners.
 {¶ 26} Here, although Shagawat and Papcke are co-owners of the house where Ramirez performed the carpentry work, Ramirez admitted during the rehearing that he never had a contract with Shagawat. Ramirez also admitted that Shagawat's name does not appear on the written contract and that he had no dealings with Shagawat other than receiving a check from her. It is clear from his testimony that, at the time he entered into the contract with Papcke, Ramirez did not know Shagawat was a co-owner of the house nor did he intend to benefit her by his work. Thus, Shagawat is an incidental beneficiary with no duties or obligations under the contract between Ramirez and Papcke. Therefore, Ramirez had no cause of action for breach of contract against Shagawat.
 {¶ 27} Accordingly, the second assignment of error is sustained.
 {¶ 28} Judgment reversed and case remanded.
Anne L. Kilbane, P.J., and Anthony O. Calabrese, J., concur.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.