JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Mary Papcke, appeals the decision of the Parma Municipal Court awarding judgment to Serge Ramirez, a carpenter hired by appellant to perform work on a property she owned, which was unoccupied and under construction. For the reasons that follow, we reverse and remand to the trial court.
 {¶ 2} The relevant facts of this case are as follows. In November 2002, a written contract was executed wherein Papcke agreed to pay Ramirez $1,555.65 in total for work to be performed by him at her home on Huffman Road. Appellant Barbara Shagawat was not a party to this agreement, but she personally delivered a check to Ramirez on behalf of Papcke when he requested payment for materials "up front."
 {¶ 3} On November 16, 2002, Papcke instructed Ramirez to cancel all work on the property and informed him that the check which had been delivered to him by Shagawat was canceled. Papcke paid Ramirez $630 to cover the cost of materials, but did not remit payment on the rest of the contracted amount.
 {¶ 4} Ramirez filed a complaint for breach of contract against Papcke and Shagawat in Parma Municipal Court on December 2, 2002. The case was heard before a magistrate on January 6, 2003, and neither Papcke nor Shagawat appeared. Upon objections to the magistrate's decision filed by Papcke, a rehearing was held on June 17, 2003, at which Papcke and Shagawat were present. After a full hearing on the matter, the court then entered judgment in favor of Ramirez against Papcke and Shagawat in the amount of $1,191.05.
 {¶ 5} Papcke appealed that decision, and this court reversed and remanded the matter to the trial court in Ramirez v. Shagawat, et al., Cuyahoga App. 83259, 2004-Ohio-1001. The municipal court reheard the matter on April 13, 2004; neither Papcke nor Shagawat appeared at that hearing. Again the court entered judgment against both Papcke and Shagawat in the amount of $1,191.05, plus interest. Papcke and Shagawat again appeal, with one assignment of error.
 {¶ 6} "I. THE TRIAL COURT ERRED BY PROCEEDING WITH A HEARING ON THE MERITS WITHOUT FIRST OBTAINING JURISDICTION OVER THE PERSON OF THE DEFENDANT PAPCKE AND IN REJOINING SHAGAWAT IN ITS OWN ENTRY AS A PARTY-DEFENDANT."
 {¶ 7} As in her first appeal, Papcke, who appears on her own behalf and as attorney of record for Shagawat, argues that she was not properly served in this matter and that Shagawat should not have been rejoined as a party-defendant in the matter upon rehearing.
 {¶ 8} In Ramirez v. Shagawat, et al., supra, this court held:
 {¶ 9} "Shagawat is an incidental beneficiary with no duties or obligations under the contract between Ramirez and Papcke. Therefore, Ramirez had no cause of action for breach of contract against Shagawat."
 {¶ 10} This court has already found that Shagawat is not a proper party to this lawsuit. "The decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. Therefore, appellant's assignment of error with respect to Shagawat is well taken. The trial court erred in reentering judgment against Shagawat, and she should be dismissed as a defendant from this matter.
 {¶ 11} Papcke further argues that she was not properly served with the complaint prior to the April 13, 2004 hearing on the merits. The trial court's determination of whether service was completed will not be disturbed absent an abuse of discretion. Talarek v. Miles (July 23, 1997), Lorain App. No. 96 CA 006567, citing Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66. In the prior appeal, this court determined that, although ordinary mail service was successfully made on Papcke, there was no evidence in the record to refute her claim that she never received a copy of the complaint at the Huffman Road address.
 {¶ 12} In the instant matter, the record reflects a Certified Mail Return Receipt signed by Mary Papcke on March 13, 2004, which was delivered to 12936 Huffman Road. The trial court noted this receipt during its April 13, 2004 hearing, as follows:
 {¶ 13} "Ms. Papcke is not present. Court notes that as we previously indicated, service was sent by Certified Mail and Resident Service attempted. We note that on March 15th a copy was left at the residence by Bailiff Resek with a notation that the person home refused to open door. We also find Certified Mail Service was received on March 13th, with Mary Papcke's signature on it."
 {¶ 14} Papcke states, however, that she only received a "Notice of Hearing" by way of certified mail, and not the original complaint. It does appear from the record that, upon remand, Papcke was only served with a Notice of Hearing, not with a summons and complaint, as mandated by Civ.R. 4 and by this court in its prior decision. Without proper service, the trial court lacked the jurisdiction to enter the July 21, 2004 judgment in favor of Ramirez.
 {¶ 15} Though it is abundantly clear to this court that appellant Papcke is aware of the substance of the complaint filed against her, we must, reluctantly, remand this matter to the trial court once again with instructions to dismiss Shagawat as a party defendant and to ensure that proper service of a summons and complaint, as required by Civ.R. 4, is made on Papcke prior to entering any judgment against her. We do so, however, with an admonishment to attorney Papcke to begin conducting herself in a manner befitting her profession.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Rocco, J., Concur.