[Cite as *Sterling Contracting, L.L.C. v. Main Event Entertainment, L.P.*, 2020-Ohio-184.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STERLING CONTRACTING, L.L.C.,    :
 ET AL.

       Plaintiffs-Appellees,    :        Nos. 108186 and 108187

       v.    :

MAIN EVENT ENTERTAINMENT,    :
L.P., ET AL.,

       Defendants-Appellants.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-18-906890 and CV-18-907122

---

### *Appearances:*

Wilson & Wilson Co., L.P.A., Robert D. Wilson, and Michael J. Wilson, *for appellees*.

Frantz Ward L.L.P., Ian H. Frank, Allison Taller Reich, and Joseph P. Guenther, *for appellants*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Main Event Entertainment, L.P. ("Main Event") appeals the trial court's decision to dismiss Main Event's motion to stay proceedings.

Pursuant to App.R. 3(B), sua sponte, we have consolidated the two appeals that Main Event has filed, for the purpose of disposition, because they contain the same facts and issues. We affirm the trial court's decision in both appeals.

## I. Facts and Procedural History

{¶ 2} In July 2017, Main Event contracted with Omni Construction Company ("Omni") to construct Main Event's entertainment facility for a sum of $8,681,026. Per the contract, Omni was required to perform all the work necessary for the construction and completion of the project. As a result, Omni subcontracted with other businesses and suppliers to complete the project. Western Reserve Services One, L.L.C. ("Western Reserve") and Sterling Contracting, L.L.C. ("Sterling") being two of those companies. Western Reserve, as a subcontractor to Omni, agreed to perform all interior and exterior glass cleaning, clean all interior surfaces after construction, and perform other miscellaneous work. Sterling, also as a subcontractor to Omni, agreed to build the concrete foundation, the slab on grade, and tilt up concrete walls.

{¶ 3} In the contract between Omni, Western Reserve, and Sterling, all parties agreed that any claims, disputes, or other matters of controversy must be decided in accordance with Article 21 of the contract. Article 21 requires arbitration of all claims and disputes relating to the contract. Western Reserve and Sterling completed the work on the entertainment facility, but Omni failed to pay for work completed. Omni abandoned the project and ceased all work. All efforts to locate and contact Omni have failed, and Omni, as a company, no longer exists.

**{¶ 4}** On October 2, 2018, Main Event filed a lawsuit against Omni for breach of contract, unjust enrichment, and quantum meruit. Main Event, in this lawsuit, alleged that Omni ceased doing business, ceased to exist, and failed to respond to any inquiries or communication from Main Event. On July 18, 2019, after a number of proceedings in which Omni did not respond or appear, the trial court entered a default judgment against Omni, in favor of Main Event, in the amount of $359,522.34, plus interest and court costs.

**{¶ 5}** On November 13, 2018, Sterling filed a lawsuit against Main Event for unjust enrichment and quantum meruit and against Omni for breach of contract. On November 16, 2018, Western Reserve filed an identical lawsuit. Main Event filed a motion to stay pending arbitration. The trial court denied Main Event's motion to stay, and Main Event filed this appeal assigning one error for our review:

> I. The trial court erred as a matter of law in denying appellant's Motion to Stay Proceedings and failing to stay all claims and proceedings pending mandatory and binding arbitration between two of the parties, in accordance with R.C. 2711.02(B) and Ohio law.

## II. Motion to Stay Proceedings Pending Arbitration

### A. Standard of Review

**{¶ 6}** Consequently,

> absent an abuse of discretion, a reviewing court should not disturb a trial court's decision regarding a motion to stay proceedings pending arbitration. *Maclin v. Greens Nursing*, 8th Dist. Cuyahoga No. 101085, 2014-Ohio-2538, citing *K.M.P., Inc. v. Ohio Historical Soc.*, 4th Dist. Jackson No. 03CA2, 2003-Ohio-4443, ¶ 14. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

*Constantino v. Ciuni & Panichi, Inc.*, 8th Dist. Cuyahoga No. 105093, 2017-Ohio-9154, ¶ 4, quoting *Eaton Corp. v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 101654, 2015-Ohio-2034, ¶ 11.

**{¶ 7}** Therefore,

In reviewing a trial court's decision granting a motion to stay pending arbitration, our standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7. Generally, an abuse of discretion standard applies in limited circumstances, such as a determination that a party has waived its right to arbitrate a given dispute. *Id.*, citing *Milling Away, LLC v. UGP Properties, LLC*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 8.

*Vasil v. Pulte Homes of Ohio, LLC*, 8th Dist. Cuyahoga No. 102212, 2015-Ohio-2407, ¶ 12.

**{¶ 8}** We, therefore, review the trial court's decision to deny Main Event's motion for abuse of discretion.

**B. Whether the Trial Court Abused its Discretion by Denying Appellant's Motion to Stay, and Whether the Proceedings must be Stayed Pending Arbitration**

**{¶ 9}** Main Event argues that the contract between Omni and Western Reserve and Omni and Sterling requires the parties to arbitrate all disputes arising out of the contract.

Ohio courts recognize a presumption favoring arbitration when the issue of the parties' dispute falls within the scope of the arbitration provision. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 27. In light of this strong

> presumption favoring arbitration, all doubts should be resolved in its favor. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15.

*Eaton Corp.*, 8th Dist. Cuyahoga No. 101654, 2015-Ohio-2034, at ¶ 14.

**{¶ 10}** "'Arbitration is favored because it provides the parties * * * with a relatively expeditious and economical means of resolving a dispute.'" *Id.* at ¶ 15, quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992); *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, 37 N.E.3d 194, ¶ 12 (8th Dist.). Consequently, if a dispute even arguably falls within the arbitration provision, the trial court must stay the proceedings until arbitration has been completed. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 5 (9th Dist.); *Tomovich v. USA Waterproofing & Found. Servs.*, 9th Dist. Lorain No. 07CA009150, 2007-Ohio-6214, ¶ 8.

**{¶ 11}** The presumption to arbitrate has been codified in R.C. Chapter 2711. The Ohio Supreme Court has recognized that R.C. Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 14, 17. A party may choose to move for a stay, petition for an order to proceed to arbitration, or seek both. *Id.* at ¶ 18. In *Maestle*, the Ohio Supreme Court made it clear that a motion to compel arbitration and a motion to stay proceedings are separate and distinct

procedures that serve different purposes. *Id.* at ¶ 17; *Taylor v. Squires Constr. Co.,* 196 Ohio App.3d 581, 2011-Ohio-5826, 964 N.E.2d 500, ¶ 17 (8th Dist.).

{¶ 12} However, in the cases between Omni, Western Reserve, and Sterling; Omni has defaulted in all proceedings, dissolved the company, and has essentially disappeared.

> "Default" is "'the omission or failure to perform a legal or contractual duty.'" *PS Commercial Play, LLC v. Harp Contrs., Inc.,* 2d Dist. Montgomery No. 27253, 2017-Ohio-4011, ¶ 17, quoting *Black's Law Dictionary* 376 (5th Ed.1979). A party who waives its right to arbitrate is "in default in proceeding with arbitration." *84 Lumber Co. v. O.C.H. Constr., LLC,* 2015-Ohio-4149, 44 N.E.3d 961, ¶ 16; *see also Ponyicki v. Monterey Homes,* 8th Dist. Cuyahoga No. 65549, 1994 Ohio App. LEXIS 2158, *10 (May 19, 1994), citing *Mills v. Jaguar-Cleveland Motors, Inc.,* 69 Ohio App.2d 111, 113, 430 N.E.2d 965 (8th Dist.1980). In order to waive the right to arbitrate, a party must know they have the right to arbitrate and act inconsistently with that right. *See, e.g., 84 Lumber* at ¶ 16; *Am. Gen. Fin. v. Griffin,* 8th Dist. Cuyahoga No. 99088, 2013-Ohio-2909, ¶ 17. For example, where a party does not promptly raise an arbitration provision before the trial court, the party may waive its right to arbitrate a dispute. *See, e.g., Cantie v. Hillside Plaza,* 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 11-16.

*Ohio Plumbing, Ltd. v. Fiorilli Constr., Inc.,* 2018-Ohio-1748, 111 N.E.3d 763, ¶ 18 (8th Dist.).

{¶ 13} It has been determined that Omni no longer exists. Omni has failed to defend its lawsuit against all parties. The trial court has entered a default judgment against Omni. Journal entry No. 109587782 (July 18, 2019). As a result of Omni's default, it has failed to raise the issue of arbitration pursuant to Article 21 of the contract. Therefore, Omni has waived its right to arbitrate this dispute.

{¶ 14} Additionally, Main Event is not a party to the contract between Omni, Western Reserve, and Sterling. The contract, as written, is between Omni and Western Reserve, and Omni and Sterling. Article 21 of the contract states, "Any dispute between [Sterling] and [Omni], which is not governed by the provision of Paragraph 28(b), shall be resolved by binding arbitration in accordance with the Construction Industry Rules of the American Arbitration Association then in effect, unless the parties mutually agree otherwise." The language is identical in the contract between Omni and Western Reserve.

{¶ 15} Also, "[o]nly an aggrieved party may demand arbitration." *Featherstone,* 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, at ¶ 8. Omni is the party in default, and "a party cannot be in default in proceeding with arbitration." *Id.* Main Event is not the aggrieved party in the contract between Sterling and Omni or Western Reserve and Omni. Sterling and Western Reserve are aggrieved parties. Therefore, Main Event cannot demand arbitration.

{¶ 16} Western Reserve and Sterling filed an action against Main Event, who is not a party to the contract with the arbitration clause between Omni, Western Reserve, and Sterling. "Under Ohio law, no one can be bound by an arbitration agreement to which he is not a party." *Krafcik v. USA Energy Consultants, Inc.*, 107 Ohio App.3d 59, 64, 667 N.E.2d 1027 (8th Dist.1995). Thus, "[t]hird persons who are not parties to a contract containing an arbitration clause, and who are not claiming under or through such parties, ordinarily are not bound by the arbitration

agreement." *Hussein v. Hafner & Shugarman Ents., Inc.*, 176 Ohio App.3d 127, 2008-Ohio-1791, 890 N.E.2d 356, ¶ 27 (6th Dist.).

{¶ 17} R.C. 2711.03(A) states, in part,

> [t]he party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement.

Main Event is not an aggrieved party under the written agreement between Omni, Western Reserve, and Sterling that contained the arbitration clause. Thus, Main Event does not have standing to enforce the agreement. *See, e.g.*, *Spalsbury v. Hunter Realty*, 8th Dist. Cuyahoga No. 76874, 2000 Ohio App. LEXIS 5552 (Nov. 30, 2000) ("the appellant lacks standing to enforce the arbitration agreement as it was not a party thereto * * *").

{¶ 18} Therefore, the trial court did not abuse its discretion when it denied Main Event's motion to stay proceedings. Main Event's sole assignment of error is overruled.

## III. Frivolous Conduct

### A. Standard of Review

{¶ 19} "Under R.C. 2323.51(A)(2)(a)(ii), conduct is frivolous when no reasonable attorney would have brought the action in light of the existing law." *Groves v. Groves*, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, ¶ 17. "This test presents a legal question, which appellate courts review de novo." *Id.* at ¶ 18.

## B.  Whether Main Event's Motion to Stay and Subsequent Appeal on that Motion was Frivolous Conduct

{¶ 20} Western Reserve and Sterling argue, in response, that Main Event's motion to stay and this appeal are frivolous and a waste of resources because Main Event is aware that Omni is not responding to any legal proceedings, has dissolved the company, and has defaulted in Main Event's legal action against it, as well as Western Reserve and Sterling's legal action against Omni.

> Pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party to a civil action who is adversely affected by frivolous conduct.  Prior to making such an award, the court must hold a hearing to determine: (1) whether the conduct at issue was frivolous, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) the amount of the award, if any.  *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 17.  "Conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action * * * or the taking of any other action in connection with a civil action."  R.C. 2323.51(A)(1). "Frivolous conduct" means the conduct of a party or the party's attorney that satisfies any of the following:
>
> > (i)  It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
> >
> > (ii)  It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
> >
> > (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.
>
> R.C. 2323.51(A)(2)(a)(i) through (iv). Any party who has commenced or persisted in maintaining a frivolous action may be assessed sanctions. *Guy v. Axe*, 3d Dist. Union No. 14-09-31, 2010-Ohio-986, ¶ 10.

*Carasalina LLC v. Bennett*, 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, ¶ 30.

{¶ 21} We find that Western Reserve and Sterling must first file a motion with the trial court to determine whether Main Event has engaged in frivolous conduct by filing a motion to stay. *See Dreger v. Bundas*, 8th Dist. Cuyahoga No. 57389, 1990 Ohio App. LEXIS 4985 (Nov. 15, 1990).

> The trial court may award [sanctions] only after conducting a hearing that allows the parties to present evidence in support or opposition to such award. It is essential that the trial court conduct a hearing in order to make a factual determination of whether there existed frivolous conduct and whether the party bringing the motion was adversely affected by such conduct.

*Rogers v. Goodyear Tire & Rubber Co.*, 3d Dist. Union No. 14-05-34, 2006-Ohio-6854 (holding that the court erred when it sua sponte imposed sanctions during a hearing on a motion to enforce a settlement agreement because no "separate hearing date or advance notice of the hearing as required under R.C. 2323.51(B)(2) was provided").

{¶ 22} Therefore, we overrule Western Reserve and Sterling's request for sanctions.

{¶ 23} Judgment is affirmed.

It is ordered that the appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., J., CONCURS;
EILEEN T. GALLAGHER, A.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION


EILEEN T. GALLAGHER, A.J., CONCURRING IN JUDGMENT ONLY:

{¶ 24} I concur in judgment only with the majority's resolution of appellant's sole assignment of error. I believe the issue before this court is not whether appellant is bound by the disputed arbitration agreements. Rather, the sole issue before this court is whether appellant has the authority to enforce an arbitration provision when the contracting parties have not sought to exercise their rights under the agreement. I write separately to express my belief that this case should be resolved exclusively on the basis that, regardless of Omni's failure to participate in

the litigation, appellant lacked standing to enforce the arbitration agreement held between Omni and the appellees.

{¶ 25} The doctrine of standing requires a litigant to be in the proper position to assert a claim, and the party's inquiry must be within the zone of interest intended to be protected or regulated by the statute. *Taylor v. Academy Iron & Metal Co.*, 36 Ohio St.3d 149, 152, 522 N.E.2d 464 (1988). "Generally, a contract is only binding on those who are parties to it. A party cannot sue for performance or breach of a contract to which he is not a party or privy." *Waterfield Mtge. v. Buckeye State Mut. Ins. Co.*, 2d Dist. Miami No. 93-CA-53, 1994 Ohio App. LEXIS 4343, *6 (Sept. 30, 1994), citing *Delly v. Lehtonen*, 21 Ohio App.3d 90, 90, 486 N.E.2d 251 (11th Dist.1984).

{¶ 26} In this case, it is undisputed that appellant was not a party to the contract held between Omni and the appellees. Nor was appellant an intended third-party beneficiary of each arbitration agreement. In my view, the phrase "on application of one of the parties" under R.C. 2711.02 refers to the parties that negotiated the arbitration agreement. It does not give third parties the authority to seek arbitration merely because they are currently participating in litigation with those who negotiated the disputed contract.

{¶ 27} Based on the foregoing, I believe it is necessary to conclude that this court rejects appellant's proposition that the plain language of R.C. 2711.02(B) requires all proceedings be stayed pending arbitration where, as here, neither party

under the arbitration agreement has sought arbitration. To hold otherwise would offend well established contract principles.