[Cite as *TM Three Advertising, L.L.C. v. Rodriguez*, 2021-Ohio-2759.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| TM THREE ADVERTISING LLC, | : | JUDGES: | |
|  | : | Hon. Craig R. Baldwin, P.J. | |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. | |
|  | : | Hon. Earle E. Wise, J. | |
| -vs- | : | | |
|  | : | | |
| ALEX RODRIGUEZ, | : | Case No. 21 CAE 01 0001 | |
|  | : | | |
| Defendant - Appellant | : | O P I N I O N | |


CHARACTER OF PROCEEDING:              Appeal from the Delaware County
                                                                      Court of Common Pleas, Case No.
                                                                      19CVH110635


JUDGMENT:                                            Vacated and Remanded


DATE OF JUDGMENT:                            August 11, 2021


APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

ZACHARY M. SWISHER                        LINDA J. LAWRENCE
Sybert Rhoad Lackey and Swisher        Lawrence Law Firm
153 S. Liberty St.                                    24 West William Street
Powell, Ohio 43065                                Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}** Appellant, Alex Rodriguez, appeals the decision of the Delaware County Court of Common Pleas finding that he had been "served by a process server" and that appellee was entitled to default judgment   Appellee is TM Three Advertising, LLC.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Rodriquez's appeal focuses upon the trial court's jurisdiction to issue default judgment.  Rodriguez claims that appellee did not serve him with a copy of the summons and complaint in this case and that, therefore, the trial court had no jurisdiction to issue default judgment against him.

**{¶3}** Appellee, TM Three Advertising, LLC, filed a complaint against Rodriguez alleging that he "made a promissory note in favor of Plaintiff as payee in the amount of $25,344.00, interest at the rate of 2.99% per annum, with payments of $352.00 to be made the first of every month beginning January 1, 2017." (Complaint, p.2, ¶ 5).  TM Three claims that Rodriguez made no payments despite repeated demands and sought recovery under three different theories: breach of contract, anticipatory breach of contract and unjust enrichment.

**{¶4}** TM Three alleged that Rodriguez was residing in Florida, but claimed that "the note at issue in this Complaint was signed in Delaware County, Ohio, and much of the conduct related to the Complaint occurred in Delaware County, Ohio" implying that these allegations provided the trial court with personal and subject-matter jurisdiction.

**{¶5}** TM Three requested that the clerk issue certified mail service to Rodriguez at an address in Clearwater, Florida. The record shows that the clerk issued the summons and complaint on November 7, 2019 and that the service was marked "undeliverable as

addressed" and returned on November 21, 2019. The clerk delivered notice of failure of service to TM Three on the same date.

{¶6}   Approximately nine months later, the trial court issued a judgment entry ordering TM Three to "advise the Court by October 23, 2020 of its efforts to serve the Defendant" or risk administrative dismissal of the complaint.  (Judgment Entry, Sept. 10, 2020).

{¶7}   On October 16, 2020 TM Three filed a response to the trial court's order, informing the court that Rodriquez had been personally served as described in an accompanying affidavit.   That affidavit, executed in Florida by Nicolas Sandberg, contained the following:

**Affidavit of Service**
**IN THE COURT OF COMON(SIC) PLEAS**
**DELARWARE(SIC) COUNTY, OHIO**

**For:**
**Alex Rodriguez**
**801 Delmar Way, Apt 105**
**Delray Beach, FL 33483**

Received by Nicolas Sandberg certified process server (Florida) on the 14TH day of October 2020 at 2:52 pm (sic) to be served on **Alex Rodriguez 801 Delmar Way, Apt 105 Delray Beach, FL 33483**. I, Nicolas Sandberg, being duly sworn, depose and say that on the 15TH day of October 2020, at 7:55 Am (sic), I **Personally/Individually**: served by delivering a true copy of the **COMPLAINT** to **Alex Rodriguez 801 Delmar Way, Apt 105 Delray Beach, FL 33483**: with the date and hour of service endorsed thereon by

me, and informed said person of the contents therein, after the provisions as set forth with Ohio Statues have been met.

I am over the age of 18 and have no interest in the above action. (Emphasis sic.)

**{¶8}** The following language appears at the bottom of the affidavit, below the signature of Sandberg and the notary verification: "Notes: Alex Rodriguez opened the door and claimed to be said person in listed action and freely accepted the papers."

**{¶9}** TM Three moved for default judgment on November 19, 2020, noting that Rodriguez did not answer or respond to the complaint. The trial court granted the motion on December 2, 2020, finding that "[t]he Defendant was served by a process server on October 15, 2020, but failed to file an answer or otherwise appear in the case." (Default Judgment, Dec. 2, 2020, p. 1).

**{¶10}** Rodriguez filed a notice of appeal on January 4, 2021 and submitted eight assignments of error:

**{¶11}** "I.   THE COURT ERRED WHEN IT GRANTED DEFAULT JUDGMENT FOR PLAINTIFF AND AGAINST DEFENDANT WITHOUT REQUIRING PLAINTIFF TO PERFECT SERVICE OF PLAINTIFF'S COMPLAINT ON DEFENDANT PURSUANT TO THE OHIO RULES OF CIVIL PROCEDURE."

**{¶12}** "II.  THE COURT ERRED WHEN IT GRANTED DEFAULT JUDGMENT FOR PLAINTIFF AND AGAINST DEFENDANT WHEN THE COURT LACKED PERSONAL JURISDICTION OVER DEFENDANT."

{¶13} "III. THE COURT ERRED WHEN IT FAILED TO REQUIRE PLAINTIFF TO REQUEST A PROCESS SERVER PURSUANT TO THE OHIO RULES OF CIVIL PROCEDURE."

{¶14} "IV.   THE COURT ERRED WHEN IT FAILED TO DESIGNATE A PROCESS SERVER BY ORDER PURSUANT TO THE OHIO RULES OF CIVIL PROCEDURE."

{¶15} "V. THE COURT ERRED WHEN IT FAILED TO ISSUE PROCESS TO A DESIGNATED PROCESS SERVER PURSUANT TO THE OHIO RULES OF CIVIL PROCEDURE."

{¶16} "VI. THE COURT ERRED WHEN IT FAILED TO REQUIRE PLAINTIFF'S PROCESS SERVER TO SERVE PLAINTIFF WITH A SUMMONS AND WITH A COMPLAINT DELIVERED BY THE CLERK OF COURTS."

{¶17} "VII. THE COURT ERRED WHEN IT FAILED TO REQUIRE PLAINTIFFS ENDORSEMENT OF SERVICE ON PROCESS PURSUANT TO THE OHIO RULES OF CIVIL PROCEDURE."

{¶18} "VIII. THE COURT VIOLATED DEFENDANT'S DUE PROCESS RIGHTS BY NOT REQUIRING THAT PLAINTIFF COMPLY WITH THE OHIO RULE OF CIVIL PROCEDURE TO PERFECT SERVICE UPON DEFENDANT PRIOR TO THE COURT ISSUING A DEFAULT JUDGMENT AGAINST DEFENDANT."

{¶19} The parties have included description of facts regarding the background of the litigation and contentions regarding whether appellant was served with the correct complaint.  These facts and contentions are not part of the record and therefore cannot be included in our analysis.

**STANDARD OF REVIEW**

**{¶20}** Rodriguez lists eight separate assignments of error, but all share the common element of attacking the trial court's exercise of personal jurisdiction in the absence of proper service.

**{¶21}** It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 11 OBR 471, 464 N.E.2d 538. The court may obtain personal jurisdiction by service of process, voluntary appearance or waiver. *Id.* The record contains no evidence of waiver or voluntary appearance, so we review the record for proper service. Failure of proper service deprives the court of personal jurisdiction and renders any judgment void ab initio. *Pippin v. Hauser* (1996), 111 Ohio App.3d 557, 565 and that judgment "may be collaterally attacked at any time." *Deutsche Bank Nat'l Trust Co. v. Boswell,* 192 Ohio App.3d 374, 2011–Ohio–673, 949 N.E.2d 96 (1st Dist.) as quoted in *U.S. Bank, N.A. v. Dowd,* 5th Dist. Stark No. 2013CA00071, 2013-Ohio-3835, ¶ 15.

**{¶22}** "The trial court's determination of whether service was completed will not be disturbed absent an abuse of discretion." (Citations omitted.) *Ramirez v. Shagawat,* 8th Dist. Cuyahoga No. 85148, 2005-Ohio-3159, ¶ 11. To find an abuse of discretion, we must conclude that the trial court's decision was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**ANALYSIS**

**{¶23}** We will limit our review in this matter to Rodriguez's second assignment of error, that the trial court erred by granting default judgment when it lacked personal jurisdiction over defendant. We interpret the remaining seven assignments as variations

of Rodriguez's assertion that the trial court lacked personal jurisdiction because service was not perfected, and a resolution of the second assignment of error will resolve this appeal.

**{¶24}** Personal jurisdiction over Rodriguez could be acquired by "by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew*, *supra* at p. 156.   In the case before us, TM Three contends that the court has personal jurisdiction as a result of service of process on Rodriguez.   The plaintiff bears the burden of obtaining proper service on a defendant, *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997) and showing that proper service was made." *Chuang Dev. LLC v. Raina,* 10th Dist. No. 15AP-1062, 2017-Ohio-3000, 91 N.E.3d 230, ¶ 33; *King v. Enron Capital & Trade Res. Corp.*10th Dist. No 00AP-761 2001 WL 327576 2002-Ohio-1620 *7.

**{¶25}** "In those instances where the plaintiff follows the Ohio Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 as quoted in *Thompson v. Bayer,* 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23. We first review the record to determine whether appellee followed the Civil Rules governing service of process.

**{¶26}** The proper service of process begins with the issuance of the summons as described in Civ.R. 4 (A) and (B). When plaintiff files a complaint, the clerk of courts is

obligated to issue a summons upon each defendant. Civil Rule 4(B) contains express requirements for the content of the summons:

> The summons shall be signed by the clerk, contain the name and address of the court and the names and addresses of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the times within which these rules or any statutory provision require the defendant to appear and defend, and shall notify the defendant that in case of failure to do so, judgment by default will be rendered against the defendant for the relief demanded in the complaint.

**{¶27}** Civil Rule 4.1 describes the required methods for service of process within the state and refers to Civ.R. 4.3 for service out-of-state, but within the United States. Because TM Three alleged Rodriguez was a resident in Florida at the time of the filing of the complaint, we will focus upon the methods of service described by Civ.R. 4.3.

**{¶28}** Civil Rule 4.3(B)(1) authorizes the clerk to make service outside the state in the same manner as provided in Civ.R. 4.1(A)(1) through Civ.R. 4.1(A)(3). Those Rules sanction service via certified mail or "by a commercial carrier service utilizing any form of delivery requiring a signed receipt."  The clerk fulfilled this requirement by delivering process via certified mail to Rodriguez at the address described in the caption of the complaint, an address in Clearwater, Florida. That service was marked "undeliverable as addressed" and returned to the clerk. The clerk promptly notified TM Three of failure of delivery at the Clearwater address as required by Civ.R. 4.2.

**{¶29}** The Civil Rules provided TM Three with two options to complete service of process after the first attempt failed.  First, counsel for TM Three could provide written instructions to the clerk of courts to serve process at a different address via certified mail or commercial carrier service. (Civ.R. 4.3(B)(1); 4.1 (A)(1)(a) and (b)).  In the alternative, TM Three could seek an order from the court directing that Rodriguez be served with the summons and complaint personally by a person who has been designated by order of the court to make personal service.  Civ.R. 4.3(B)(2).

**{¶30}** Because TM Three did not use either alternative sanctioned by the Civil Rules we find that it is not entitled to a presumption of proper service.

**{¶31}** Proper service may be presumed only where the civil rules regarding service are followed. *Eisel v. Austin,* 9th Dist. No. 09CA009653, 2010–Ohio–3458, at ¶ 11; *In re Lane* (Oct 5, 2000), 8th Dist. No. 74565, at *3. Here, those rules were not followed, and there can, therefore, be no presumption of proper service. "As stated by the *Lane* court, 'Court rules and statutes are designed to obtain proof of constructive, if not actual, notice of proceedings. Where these provisions have been ignored, there is no record of service on which to base a presumption.'" *Id.* as quoted in *In re S.S.,* 9th Dist. Wayne No. 10CA0010, 2010-Ohio-6374, ¶ 45 *See Also* Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 66, 477 N.E.2d 1212, 1214 (Receipt of notice is rebuttably presumed only when applicable service provisions have been followed).

**{¶32}** Without the presumption of valid service, TM Three has the burden of establishing proper service of process on Rodriguez to provide the trial court personal jurisdiction over Rodriguez. *King v. Enron Capital & Trade Res. Corp.*10th Dist. No 00AP-761 2001 WL 327576, 2002-Ohio-1620 *7. Proper service of process is an essential

component in the acquisition of personal jurisdiction over a party, *Chaffin v. Shrontz*, 5th Dist. Guernsey No. 13 CA 25, 2014-Ohio-1495, ¶¶ 19-21, so the next step in our analysis is a review of the record for evidence supporting a conclusion that service of process was completed.

**{¶33}** The standard against which the propriety of service must be measured under Civil Rule 4.1 is whether the service comports with the requirements of due process. *Call Detroit Diesel Allison, Inc. v. C. & D. Oil Co.,* 5th Dist. Tuscarawas No. 85A05-038, 1985 WL 7304, *1. Due process requires, at a minimum, that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case. *Armstrong v. Manzo* (1965), 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 as quoted in *State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182, 183, 553 N.E.2d 650, 652 (1990). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Samson Sales, Inc. v. Honeywell,* Inc., 66 Ohio St.2d 290, 293, 421 N.E.2d 522, 524 (1981).

**{¶34}** TM Three offered as proof of notice the affidavit of Nicolas Sandberg who claims he served Rodriguez with a copy of the complaint at a Delray Beach, Florida, address.  Sandberg does not identify the complaint served as the complaint filed in this case, nor is a copy of what was served attached to the affidavit.  Sandberg does not disclose how he obtained the complaint, nor does he state that he served a summons with the complaint as required by the Civil Rules.  Sandberg made service at an address

that differs from the address on the complaint, but provided no explanation for his conclusion that Rodriguez was at that address. Further Sandberg does not explain how he concluded that the person served with the complaint was Rodriguez.  A note at the bottom of the affidavit states: "Notes: Alex Rodriguez opened the door and claimed to be said person in listed action and freely accepted the papers" but that note is not included in Sandberg's averments. No new date or notary seal appears, and the document bears no indicia the note was added by or in the presence of an individual authorized to administer oaths. Therefor this note is not acceptable evidence. *State v. Quinn, 2nd Dist. Clark No. 2017-CA-102, 2018-Ohio-5279, ¶ 40.*

**{¶35}**  TM Three had the burden to establish proper service, and we find that it did not provided sufficient evidence from which the trial court could conclude that proper service was accomplished.   The record contains no evidence from which the trial court could conclude that a summons was served with the complaint, no evidence to verify the identity of the person who received the complaint and no evidence to verify the correct complaint was served.  Further, this court has held that service of a defective summons fatal to proper service, so we are constrained by that ruling to find that the failure to serve a summons cannot comprise good service. *Furniture Sales Specialists, Inc. v. Thomas,* 82 Ohio App.3d 759, 762, 613 N.E.2d 259, 261 (5th Dist.1993).

**{¶36}**  The trial court concluded that the complaint was served by a process server and, presumably concluded that it had personal jurisdiction as a result. We find that conclusion unsupported by the record and abuse of discretion as the record shows Rodriguez was not served summons, and did not appear before the court. A trial court is without jurisdiction to render a judgment or to make findings against a person who was

not served summons, did not appear, and was not a party in the court proceedings. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184, 553 N.E.2d 650, 652 (1990).

{¶37} Rodriguez's second assignment of error is granted and we vacate the default judgment and remand this matter to the trial court for further proceedings consistent with our decision. We find the remaining assignments of error moot as a result of our holding.

By: Baldwin, P.J.

Hoffman, J. and

Wise, Earle, J. concur.